WATSON CHAPEL SCHOOL DISTRICT &
Charles D. Knight, Superintendent *v.*
Bernice Martin RUSSELL

06-60                                    241 S.W.3d 242

Supreme Court of Arkansas
Opinion delivered October 12, 2006

*Bridges, Young, Matthews & Drake, PLC,* by: *Michael J. Dennis,* for appellant.

*Mitchell, Blackstock, Barnes, Wagoner, Ivers & Sneddon, PLLC,* by: *Mark T. Burnette,* for appellant.

ANNABELLE CLINTON IMBER, Justice. This case concerns the notice requirements of the Teacher Fair Dismissal Act (TFDA), as amended in 1999 and 2001. *See* Ark. Code Ann. § 6-17-1501 et seq. (Repl. 1999 & Supp. 2005). Pursuant to the 2001 amendments, when a school district sends a teacher notice that it will not renew the teacher's contract, the written notice must include "a statement of the reasons for the recommendation, setting forth the reasons in separately numbered paragraphs *so that a reasonable teacher can prepare a defense.*" Ark. Code Ann. § 6-17-1506(b)(2)(B) (Repl. 1999)(emphasis added). Unless the school district *substantially* complies with both the requirements set forth in the TFDA and in the district's personnel policies, the attempt at nonrenewal shall be void. Ark. Code Ann. § 6-17-1504 (Supp. 2005).

Appellant Watson Chapel School District ("the School District") hired Appellee Bernice Martin Russell for the position of Special Education Supervisor during the 2000-2001 school year and renewed her contract for the 2001-2002 school year. However, on April 4, 2002, Charles Knight, Superintendent of the district, sent Russell notice that he would recommend to the school board that her contract not be renewed for the 2002-2003 school year. Knight's suggestion of nonrenewal was made at the behest of Russell's direct supervisors Brenda Melton, Curriculum Director, and Ivy Lincoln, Assistant Superintendent.

The initial notice that Russell received stated the following reasons for nonrenewal of her contract:

1. You have responded evasively to questions from administrators, rather than clearly and honestly.

2. You have argued with administrators, rather than cooperate with their attempts to work with you.

3. You have neglected your duty by failing to improve your professional conduct as requested by administrators, even though administrators have attempted to assist you through discussions, memos, reprimands, evaluations, and individual improvement plans.

4. Your conduct materially interferes with your continued performance of the duties of Special Education Supervisor because success in this difficult position requires a person to behave in a cooperative, reliable, and diplomatic manner.

The notice also stated that if Russell resigned by April 15, Knight would recommend that the school board employ her as a special education teacher the following year. Knight renewed the offer on May 1.

Russell concluded that the April 4 letter was insufficient to assist her in preparing a defense, and she wrote to Knight on April 12 requesting clarifying information. She, specifically requested information regarding which events, dates and administrators the charges involved. Knight replied on April 17, stating that Russell already possessed "all the information requested" because it was in her personnel file. Knight also indicated that he would rely on testimony from Lincoln, Melton, and himself to support his recommendation to the school board.

On April 24, Russell sent Knight another letter; in the letter, Russell listed three incidents that she expected to be the basis for the charges and asked Knight to confirm that no other incidents were at issue. Knight responded on May 2, stating that Russell's assumptions were incorrect and reiterating that Russell had all the information she needed in her possession. Meanwhile, Russell requested a hearing before the school board.

At the hearing, the School District presented exhibits consisting of Russell's performance evaluations for both years she was employed by the School District and correspondence between Russell, her supervisors, and other faculty. Melton and Lincoln

gave testimony explaining how each exhibit demonstrated the particular charges being asserted against Russell. While the School District did submit evidence regarding two of the three incidents Russell inquired about in her April 12 letter, the School District also presented evidence of nine other incidents. In preparation for her defense, Russell had examined and compiled all of the documents that the School District presented along with documents concerning several other incidents.

At the conclusion of the hearing, the school board voted not to renew Russell's contract and adopted, verbatim, the reasons in Knight's original April 4 notice as its findings of fact. Thereafter, Russell filed an action in the Jefferson County Circuit Court alleging that the school board's action was void because the School District failed to comply with the TFDA when it sent her the notice of nonrenewal. Russell further alleged that because the school board's action was void, her contract was automatically renewed for both the 2002-2003 and 2003-2004 school years. Russell claimed relief in the form of contract damages, reinstatement, and attorney's fees.

At the bench trial on August 22, 2005, Russell testified that she had difficulty preparing for the school-board hearing because of the lack of specificity in the notice of nonrenewal, stating "I did not know exactly what I was defending myself against . . . I simply made copies of everything that I could think of in the hope that I was going to have what I needed." Russell also pointed out that she spent a great amount of time preparing her defense to documents that the School District did not use at the hearing. On cross-examination, Russell testified that she examined all of the documents presented by the School District prior to the hearing and was prepared to defend against all of the issues raised at the hearing.

The circuit court ruled that the notice was insufficient under the TFDA, adding that the School District did not "even attempt to comply with the [c]ode provisions." The School District urged the court to examine the transcript of the school-board hearing before it made its ruling, but the circuit court refused to do so before ruling on Russell's claim under the TFDA. The circuit court found the school board's nonrenewal action void and awarded Russell $77,137 in contract damages. On appeal, the School District presents three arguments: (1) the School District's

nonrenewal notice did substantially comply with the TFDA as amended; (2) if the notice was not in compliance, Russell was not prejudiced by the noncompliance; and (3) the trial court incorrectly calculated Russell's damages in light of our law on mitigation of damages. The School District asks this court to interpret the notice requirements of the TFDA as amended in 2001.

The first step in our analysis of this case is to determine whether the School District substantially complied with the TFDA when it sent Russell the notice of nonrenewal. We conclude that in order for a reviewing court to make such a determination, it must examine not only the notice of nonrenewal, but also any record of the school-board hearing made pursuant to the TFDA. *See* Ark. Code Ann. § 6-17-1509(c)(4) (Supp. 2005). More specifically, a review of the testimony and exhibits presented by both sides at a school-board hearing is necessary to determine whether a school district's written notice was sufficient to enable a reasonable teacher to prepare a defense. Ark. Code Ann. § 6-17-1506(b)(2)(B).

In determining the sufficiency of the notice, a circuit court should examine a school district's notice within the context of what actually occurred during the school-board hearing. Furthermore, when a record of the hearing has been made pursuant to Ark. Code Ann. § 6-17-1509(c)(4), a circuit court must review the notice in conjunction with the hearing transcript and compare the evidence the school district presented to support the charges against the teacher with the actual defense that he or she was able to present as a counter to that evidence. To do otherwise, would undermine the clear intent of the General Assembly that a notice will be deemed sufficient if a "reasonable teacher can prepare a defense."

This approach coincides with our cases in which we applied the "substantial compliance standard" under past versions of the TFDA. Under our previous standard, "[s]ubstantial compliance with the notice requirement [was] sufficient, absent a showing that prejudice resulted from a want of strict compliance." *Lee v. Big Flat Public Schools*, 280 Ark. 377, 658 S.W.2d 389 (1983). Thus, a court not only had to determine whether a notice was in substantial compliance with the TFDA's notice requirements, but the court also had to look at the notice in the context of whether it had a prejudicial effect on the teacher's ability to defend her position

before the school board. *See Fullerton v. Southside School Dist.*, 272 Ark. 288, 613 S.W.2d 827 (1981).[1]

■ In *Maxwell v. Southside School District*, 273 Ark. 89, 618 S.W.2d 148 (1981), we held that neither the circuit court nor this court can review a school board's action when the record is completely silent about the evidence considered by the board. *Id.* While the school board in the *Maxwell* case acted upon evidence not disclosed to the circuit court, the circuit judge in the instant case had access to the evidence presented at the school-board hearing. Yet, the judge declined to consider that information before ruling on the merits of Russell's claim under the TFDA. We must therefore conclude that the circuit court erred when it made its ruling on the sufficiency of the notice of nonrenewal without first examining the transcript of the school-board hearing.

Likewise, a determination by this court on the sufficiency of the School District's notice is impossible, because the School District wholly failed to abstract any of the testimony presented at the school-board hearing. Furthermore, the addendum does not include the evaluations, correspondence, or memoranda from Russell's personnel file that the School District submitted as exhibits at the school-board hearing. As we have repeatedly stated, the record on appeal is limited to that which is abstracted, and we will not go to the record to reverse the decision of the trial court. *Greene v. Pack*, 343 Ark. 97, 32 S.W.3d 482 (2000).

■ Because we conclude that the circuit judge erred in failing to examine the hearing record, and because we cannot perform a review of the record as abstracted, we are precluded from addressing the substantive arguments made by both parties.

---

[1] *See also Lee v. Big Flat Public Schools, supra* (teacher not prejudiced by school district's failure to provide a timely and succinct notice that her contract would not be renewed because district sent her several documents over the course of a year clearly indicating that her position was being eliminated); *Murray v. Altheimer-Sherrill Public Schools*, 294 Ark. 403, 743 S.W.2d 789 (1988) (although school district reached a decision not to renew teacher's contract before he received any notice that his conduct was being investigated, thereby rendering the timeliness of the notice insufficient, school district's violation of the TFDA cured by rescinding the earlier vote and holding another vote); *Caldwell v. Blytheville Arkansas School Dist., No. 5*, 23 Ark. App. 159, 746 S.W.2d 381 (1988) (while school district did not strictly comply with the TFDA by mailing teacher's notice to him, teacher not prejudiced because school district substantially complied by providing him with detailed reprimands stating that further unacceptable behavior would result in immediate termination).

Thus, the judgment entered by the circuit court must be reversed and the matter remanded to the circuit court for a determination of the sufficiency of the nonrenewal notice based upon a full review of the evidence presented at the school-board hearing.

Reversed and Remanded.

HANNAH, C.J., and GUNTER, J., dissenting.

DICKEY, J., not participating.

JIM HANNAH, Chief Justice, dissenting. I respectfully dissent. The School District appeals, arguing that the notice of non-renewal substantially complies with Ark. Code Ann. § 6-17-1506(b) (Repl. 1999). I write to express my concern that this court is adding terms to the Teacher Fair Dismissal Act. Based on the majority opinion, it is now a requirement that a circuit court "examine a school district's notice within the context of what actually occurred during the school board hearing." A hearing is only held if requested by the teacher. Ark. Code Ann. § 6-17-1509(a) (Supp. 2001). Further, the board may not consider at the hearing any reasons for nonrenewal other than those set out in the notice. Ark. Code Ann. § 6-17-1509(c)(5) (Supp. 2001). How may one refer to a hearing that is confined to what is in the notice to determine whether the notice contained all it should have contained? Further, a transcript of the hearing is not required unless the board decides to make a transcript or the teacher complies with the requirements to request one. Ark. Code Ann. § 6-17-1509(c)(4) (Supp. 2001). The practical effect of the majority opinion is to make hearings and transcripts mandatory in every case. The Act simply contains no such requirements.

Russell testified that she examined the documents presented by the School District at the hearing, and that she was prepared to defend against all the issues that were raised at the hearing. I question what we or the circuit court could learn from the record when Russell indicates that she had all she needed. Is the circuit court to determine if Russell correctly asserted all defenses that she could assert? Obviously the notice served its purpose because she reviewed documents and was ready for the hearing.

I also dissent because the notice substantially complied with the statute. Even a portion of the notice gives a good idea of the problems that caused the School District to decide not to renew Russell's contract:

1. She was evasive with superiors;

2. She was argumentative with superiors rather than cooperative; and

3. She failed to improve after discussions with superiors about problems, receipt of memos on problems, reprimands, evaluations and individual improvement plans.

Substantial compliance means there is no omission of essential elements. *See, e.g., McKinley v. Dep't of Human Servs.*, 311 Ark. 382, 844 S.W.2d 366 (1993). There is specific reference in the notice to memos, reprimands, evaluations, and individual improvement plans that set out the School District's concerns. One must question what more is needed, unless the School District is required to set out specific dates and specific alleged misconduct on a day-by-day basis. That would be well beyond the requirements of substantial compliance. In any event, through the memos, reprimands, and individual improvement plans Russell had a good idea of the problems before she ever received the letter giving notice of non-renewal. This contradicts her representation that she was searching the documents trying to discern why her contract had not been renewed. Reversing this case and remanding it will only increase the work that the circuit court must do to no purpose, prolong this matter, and require this court to take the matter up anew at a future date. This case should be decided on the merits now.

GUNTER, J., joins.