2009 Ark. 79

**Bernice Martin RUSSELL, Appellant,**

v.

**WATSON CHAPEL SCHOOL DISTRICT, Appellee.**

No. 08–1034.

Supreme Court of Arkansas.

Feb. 19, 2009.

Rehearing Denied April 22, 2010.

Mitchell, Blackstock, Barnes, Wagoner, Ivers & Sneddon PLLC, by: Mark T. Burnette, Little Rock, for appellant.

Bridges, Young, Matthews & Drake PLC, by: Michael J. Dennis and John P. Talbot, Pine Bluff, for appellee.

PAUL E. DANIELSON, Justice.

Following our remand to the circuit court in this matter involving the Teacher Fair Dismissal Act (TFDA), *see Watson Chapel Sch. Dist. v. Russell*, 367 Ark. 443, 241 S.W.3d 242 (2006) (*Russell I*), appellant Bernice Martin Russell now appeals from the circuit court's order dismissing her complaint against appellee Watson Chapel School District (the District). In this appeal, Ms. Russell makes two asser-

tions: (1) that the circuit court erred as a matter of law and made clearly-erroneous findings; and (2) that this court should not abandon its reasoning in *Hamilton v. Pulaski County School District*, 321 Ark. 261, 900 S.W.2d 205 (1995). We affirm the circuit court's order.

The preliminary facts in this matter were adequately set forth in our prior opinion. *See Russell I, supra.* Suffice it to say, in 2002, the District's school board voted not to renew Ms. Russell's contract with the District. She then filed suit in the Jefferson County Circuit Court, alleging that the school board's action was void because the District failed to comply with the notice provision contained within the TFDA, Arkansas Code Annotated §§ 6–17–1501–6–17–1510 (Repl.1999 & Supp. 2001). The circuit court entered judgment in Ms. Russell's favor, finding that the notice provided to Ms. Russell was insufficient under section 6–17–1506(b)(2)(B) (Repl.1999).[1] In addition, the circuit court awarded Ms. Russell $77,137 in contract damages.

The District appealed to this court, asserting, among other things, that the notice that was sent to Ms. Russell substantially complied with the TFDA. In examining this issue, we concluded that in order for a reviewing court to determine whether a notice of nonrenewal substantially complied with the TFDA, the circuit court must examine not only the notice of nonrenewal, but also any record of the school-board hearing made pursuant to Ark.Code Ann. § 6–17–1509(c)(4) (Supp.2001). We further observed:

[A] review of the testimony and exhibits presented by both sides at a school-board hearing is necessary to determine whether a school district's written notice was sufficient to enable a reasonable teacher to prepare a defense. Ark.Code Ann. § 6–17–1506(b)(2)(B).

In determining the sufficiency of the notice, a circuit court should examine a school district's notice within the context of what actually occurred during the school-board hearing. Furthermore, when a record of the hearing has been made pursuant to Ark.Code Ann. § 6–17–1509(c)(4), a circuit court must review the notice in conjunction with the hearing transcript and compare the evidence the school district presented to support the charges against the teacher with the actual defense that he or she was able to present as a counter to that evidence. To do otherwise, would undermine the clear intent of the General Assembly that a notice will be deemed sufficient if a "reasonable teacher can prepare a defense."

367 Ark. at 447, 241 S.W.3d at 245. Accordingly, we reversed and remanded the matter, holding that the circuit court erred when it ruled on the sufficiency of the notice of nonrenewal without first examin-

---

1. The notice of nonrenewal sent to Ms. Russell provided, in pertinent part:

   I am recommending that your current contract as Special Education Supervisor not be renewed. My reasons are:
   1. You have responded evasively to questions from administrators, rather than clearly and honestly.
   2. You have argued with administrators, rather than cooperate with their attempts to work with you.
   3. You have neglected your duty by failing to improve your professional conduct as requested by administrators, even though administrators have attempted to assist you through discussions, memos, reprimands, evaluations, and individual improvement plans.
   4. Your conduct materially interferes with your continued performance of the duties of Special Education Supervisor because success in this difficult position requires a person to behave in a cooperative, reliable, and diplomatic manner.

ing the transcript of the school-board hearing. Specifically, we remanded to the circuit court for "a determination of the sufficiency of the nonrenewal notice based upon a full review of the evidence presented at the school-board hearing." *Id.* at 449, 241 S.W.3d at 246.

Upon remand, the circuit court scheduled a hearing, which was continued. The circuit court then received a letter from the District's counsel, which stated that he and Ms. Russell's counsel agreed that a hearing might be unnecessary and suggested that both parties submit simultaneous proposed findings of fact and conclusions of law. It does not appear from the record that any hearing was held, nor any proposed precedent filed. Nonetheless, the circuit court filed its order on May 2, 2008, in which it found that the District "did comply with the notice requirements of the Teacher Fair Dismissal Act (TFDA)." The circuit court, noting that it had reviewed the school-board transcript, delineated the reasons for nonrenewal contained in the notice and found that the "statements made during the hearing by [Ms. Russell] and on her behalf indicate[d] that [she] had the opportunity to review the documents presented by the [District] at the hearing and to defend against all issues raised in the notice." Accordingly, the circuit court concluded:

6. That Plaintiff specifically addressed each numbered issue numerous times throughout the hearing, referencing documents contained in her personnel file as she testified. (see pgs. 53, 61, and 68 of the hearing transcript)

7. That after reviewing the nonrenewal notice along with the statements of Plaintiff and her representative, this court finds that Defendant did comply with the notice requirements set forth in Ark.Code Ann. § 6–17–1506(b)(2)(B).

The circuit court then dismissed Ms. Russell's cause. She now appeals.

Ms. Russell argues, as her first point on appeal, that the circuit court erred as a matter of law and made clearly-erroneous findings. She claims that the circuit court failed to follow this court's mandate and that she was left to "guesswork and speculation" as to the reasons for the nonrenewal recommendation. The District counters that viewing the record in its entirety, the circuit court's finding that the notice of nonrenewal was sufficient was not clearly erroneous. It contends that the circuit court had evidence before it that the notice of nonrenewal was adequate to allow Ms. Russell to prepare a defense and, for that reason, the circuit court's order should be affirmed.

■ Our standard of review in matters involving the TFDA is limited to whether the circuit court's decision was clearly erroneous. *See, e.g., Moffitt v. Batesville Sch. Dist.*, 278 Ark. 77, 643 S.W.2d 557 (1982); Ark. R. Civ. P. 52(a). *See also Olsen v. East End Sch. Dist.*, 84 Ark.App. 439, 143 S.W.3d 576 (2004). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. *See Omni Holding & Dev. Corp. v. C.A.G. Invs., Inc.*, 370 Ark. 220, 258 S.W.3d 374 (2007). Facts in dispute and determinations of credibility are within the province of the fact-finder. *See id.*

■ The TFDA provides that a nonrenewal by a school district shall be void unless the school district substantially complies with the provisions of the Act. *See* Ark.Code Ann. § 6–17–1503(c) (Supp. 2001). At issue in the instant case is whether the District substantially complied with the provisions of section 6–17–1506(b)(2)(B). We hold that it did.

In order for the District to have substantially complied with section 6–17–1506(b)(2)(B), the notice of recommended nonrenewal was required to include "a statement of the reasons for the recommendation, setting forth the reasons in separately numbered paragraphs so that a reasonable teacher can prepare a defense." Thus, the relevant inquiry is whether the notice of nonrenewal was sufficient such that *a reasonable teacher* could defend against the reasons given.

In *Russell I*, we held that, in determining the sufficiency of a notice of nonrenewal, a circuit court should examine a "school district's notice within the context of what actually occurred during the school-board hearing." 367 Ark. at 447, 241 S.W.3d at 245. We further |₆observed that such a review must be conducted in order to determine whether a reasonable teacher could have prepared a defense. *See id.* This is because the events of the hearing itself are at least some evidence of whether a reasonable teacher could defend.

Here, the circuit court, after reviewing the transcript of the school-board hearing, concluded that the notice of nonrenewal was sufficient based upon the fact that Ms. Russell was able to defend on all issues raised. While the circuit court did not base its conclusion on whether a reasonable teacher could defend, it is clear to this court that the circuit court's conclusion regarding the sufficiency of the notice of nonrenewal was not clearly erroneous.[2] It is evident from a review of both the notice of nonrenewal and the school-board hearing that the notice substantially complied with the section 6–17–1506(b)(2)(B), such that a reasonable teacher could prepare a defense. Accordingly, we hold that the circuit court did not clearly err in finding

that the notice of nonrenewal complied with section 6–17–1506(b)(2)(B).

For her second point, relying on *Hamilton v. Pulaski County School District*, 321 Ark. 261, 900 S.W.2d 205 (1995), Ms. Russell argues that her notice of nonrenewal lacked completeness. She contends that the notice of nonrenewal failed to comply with the statute as it relied on her personnel file and contained reasons based upon the generic reasons set forth in the statute, both of which she claims this court rejected as sufficient reasons in |₇*Hamilton*. The District responds that *Hamilton* is distinguishable, in that the standard for the District at that time was strict compliance and that, in Ms. Russell's case, she received responses from the District to her requests for more information.

Ms. Russell's argument is without merit, as this court's decision in *Hamilton* was under a prior version of the statute. In *Hamilton*, this court considered the sufficiency of a teacher's notice of nonrenewal. There, we did observe that "teachers [were] entitled to rely on a simple and complete statement of reasons as to nonrenewal of their contracts." 321 Ark. at 267, 900 S.W.2d at 208 (quoting *Allen v. Texarkana Pub. Schs.*, 303 Ark. 59, 63, 794 S.W.2d 138, 140 (1990)). We further observed that "[m]ere recitation of the generic categories of inefficiency and noncompliance with written regulations and policies tells a teacher nothing about the reasons for nonrenewal" and that "[w]ithout that information, preparation for a hearing is well nigh impossible." *Id.*, 900 S.W.2d at 208.

At that time, the General Assembly required that "[t]he notice of recommended nonrenewal of a teacher shall include a

---

**2.** We have long held that we may affirm a circuit court's order if the circuit court reached the right result, albeit for the wrong

reason. *See Arkansas Diagnostic Ctr., P.A. v. Tahiri*, 370 Ark. 157, 257 S.W.3d 884 (2007).

simple but complete statement of the reasons for such recommendation." *Id.* at 266, 900 S.W.2d at 207 (quoting Ark.Code Ann. § 6–17–1506(b) (Supp.1991)). However, in 1999, the General Assembly amended section 6–17–1506, deleting the "simple but complete" language and substituting "setting forth the reasons in separately numbered paragraphs so that a reasonable teacher can prepare a defense." Act 852 of 1999, § 1.

The language of section 6–17–1506(b)(2)(B) as it stands now simply cannot be |₈construed the same as the former language of "simple but complete." It is clear that the General Assembly, by its amendment, did not intend for school districts to send a notice of nonrenewal with no basis whatsoever; however, it is also just as clear that the current language of the statute does not require the specificity previously required under the prior version of the statute. Instead, the contents of the notice must now only consist of reasons in separately numbered paragraphs such that a reasonable teacher can prepare a defense. In sum, our decision in *Hamilton* was based on prior law and not the reasonable-teacher standard, and Ms. Russell's reliance on that decision is misplaced.

For the foregoing reasons, we affirm the circuit court's order.