2011 Ark. App. 595

**Melissa KASINGER, Appellant**

v.

**EAST END SCHOOL DISTRICT by and through its BOARD OF DIRECTORS, Jeremy Williams, Wayne Olles, Jamie Reed, Dennis Bell, and Don Langston, Jr., Appellees.**

No. CA 11–133.

Court of Appeals of Arkansas.

Oct. 5, 2011.

Mitchell Lloyd Berry, Little Rock, for appellant.

Donn H. Mixon, Jonesboro, for appellees.

DOUG MARTIN, Judge.

Appellant Melissa Kasinger appeals from the order of the Perry County Circuit Court denying her motion for summary judgment, granting appellee East End School District's motion for summary judgment, and upholding the District's decision not to renew Kasinger's teaching contract. We find no error and affirm.

As both parties filed motions for summary judgment, the facts of this case are not in dispute. Kasinger was employed by appellee, the East End School District

("the District"), as a high school teacher for the 2009–2010 school year. The District's personnel policies gave the School Board the authority to conduct a reduction in force (RIF) when a decrease in enrollment or other reasons made such a reduction necessary or desirable. According to the policy, "[a]ny reduction in force will be conducted by evaluating the needs and long- and short-term goals of the school district, and by examining the staffing of the district in each licensure area and/or, if applicable, specific grade levels." The policy provided further that,

[i]f a reduction in force becomes necessary in a licensure area or specific grade level(s), the RIF shall be conducted for each licensure area and/or specific grade level on the basis of each employee's points as determined by the schedule contained in this policy. The teacher with the fewest points will be laid off first.[1]

Kasinger was certified in the licensure area of Social Studies 7–12. During the course of the 2009–2010 school year, the District determined that, due to declining student enrollment and a concomitant decrease in funding, a reduction in force would be necessary. In a January 8, 2010 memorandum to the District's certified staff, Superintendent Myra Graham informed the staff of the upcoming reduction in force. The memorandum included a list of teachers ranked by their total number of points. In addition, Graham advised that the "lowest amount of points is not the ONLY determining factor of the reduction in force. The determining factors will include which subject area or grade level is overstaffed." (Emphasis in original.)

On April 12, 2010, Superintendent Graham sent a letter to Kasinger providing Kasinger with official notice that Graham was going to recommend to the East End School Board that Kasinger's contract with the District not be renewed for the 2010–2011 school year. Graham's letter stated the following:

The reasons for my recommendation are as follows:

1. A reduction in force in your licensure area of Social Studies 7–12 is necessary because of decreases in enrollment and funding.

2. You are the employee in the district with the fewest number of points in this category.

Kasinger requested a hearing before the School Board regarding Graham's recommendation. At that hearing, the Board voted 4–1 to uphold Graham's recommendation not to renew Kasinger's contract. The Board also voted 4–1 to find that the reduction in force in the licensure area of social studies was necessary because of decreases in enrollment and funding and that Kasinger was the employee in the district with the fewest number of points in the social studies 7–12 category.

Pursuant to the Arkansas Teacher Fair Dismissal Act (TFDA), Arkansas Code Annotated sections 6–17–1501 to –1510 (Repl. 2007), Kasinger appealed the Board's decision by filing a complaint in Perry County Circuit Court. See Ark.Code Ann. § 6–17–1510(d) (Repl.2007). In her complaint, Kasinger alleged that the manner in which the Board "nonrenewed" her contract was not in compliance with the reduction-in-force policy contained in the Board's personnel policies; therefore, she alleged, the

1. The number of points assigned to a teacher depends on numerous factors, including, among others, the teacher's years of service in the district, the teacher's degree, and whether the teacher possessed a National Board of Professional Teaching Standards certification. Additional factors are listed in the Certified Personnel Policies.

Board's decision to nonrenew her contract was arbitrary and capricious and should be reversed by the circuit court. Specifically, Kasinger asserted that she was not the teacher with the fewest number of points in the licensure area of social studies. Kasinger stated that she had ten points, and another teacher, Jim Brown, had only nine points. Therefore, she urged, the Board's decision to nonrenew her contract was void.

The District answered, contending that it properly applied its reduction-in-force policy because Brown was also eliminated from his social-studies teaching position, although he was retained in a different licensure area. Accordingly, the District maintained that there was a rational basis to support its decision and that it substantially complied with the TFDA.

Both parties subsequently filed motions for summary judgment. In her motion, Kasinger argued that the reduction-in-force provision in the District's personnel policy was unambiguous and that, by nonrenewing the person with the second lowest number of points, the District failed to comply with its policy. The District responded that its nonrenewal decision was consistent with its policy and that its actions were not arbitrary and capricious.

After a hearing on November 15, 2010, the circuit court entered an order on December 6, 2010, granting the District's summary-judgment motion and denying Kasinger's motion. In so doing, the court found that, while Kasinger had ten points to Brown's nine points, Brown was licensed in other licensure areas besides social studies. The court further found that, even though the District declined to renew Brown in the licensure area of social studies, the District still needed to further reduce its staff, and so Kasinger, as the employee with the next lowest number of points, was also nonrenewed. The court

concluded that, in so doing, the District substantially complied with its personnel policy and the provisions of the TFDA in deciding not to renew Kasinger's contract. Kasinger filed a timely notice of appeal and now urges that the trial court violated the parol-evidence rule and that the District did not substantially comply with the TFDA.

Our standard of review in matters involving the TFDA is limited to whether the circuit court's decision was clearly erroneous. *Russell v. Watson Chapel Sch. Dist.*, 2009 Ark. 79, 313 S.W.3d 1; *Moffitt v. Batesville Sch. Dist.*, 278 Ark. 77, 643 S.W.2d 557 (1982); *Olsen v. East End Sch. Dist.*, 84 Ark. App. 439, 143 S.W.3d 576 (2004). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. *Russell, supra*. Facts in dispute and determinations of credibility are within the province of the fact-finder. *Id.* The question of whether a school district has complied with the TFDA, however, is a question of law. *Olsen, supra*. A trial court's conclusions on a question of law will be given no weight on appeal. *Id.*

Kasinger argues on appeal that the trial court improperly considered parol evidence in reaching its decision to grant the School District's motion for summary judgment. She urges that the personnel policy contains unambiguous language regarding reductions in force, and thus, the trial court should not have considered extrinsic evidence in reaching its conclusions about what the reduction-in-force provision meant and whether the District complied with that policy.

The parol-evidence rule is a rule of substantive law in which all antecedent proposals and negotiations are merged into

the written contract and cannot be added to or varied by parol evidence. *Barnett v. Mountain View Sch. Dist.*, 2010 Ark. App. 333, 374 S.W.3d 851 (citing *Hagans v. Haines*, 64 Ark. App. 158, 984 S.W.2d 41 (1998)). Where a contract is plain, unambiguous, and complete in its terms, parol evidence is not admissible to contradict or add to the written terms. *Id.* Parol evidence may be admitted, however, to prove an independent, collateral fact about which the written contract was silent. *Id.* (citing *Ultracuts Ltd. v. Wal–Mart Stores, Inc.*, 343 Ark. 224, 33 S.W.3d 128 (2000)).

Kasinger argues that, because the reduction-in-force policy plainly and unambiguously states that the teacher with the fewest points will be nonrenewed first, the District acted arbitrarily in deciding not to renew her contract when there was another teacher with fewer points. She further asserts that the circuit court erred, in the face of this unambiguous language, in considering other evidence surrounding the District's decision, such as testimony concerning which classes Kasinger and Brown were teaching in other years.

Kasinger's argument is without merit, as is her reliance on *Barnett v. Mountain View School District, supra.* In *Barnett*, the issue was whether a specific term in a teacher's contract was ambiguous.[2] In the present case, however, the question is not the interpretation of a specific contract provision or term but, rather, is whether the District complied with its policy in reaching its decision not to renew Kasing-

er's contract. A provision in the TFDA specifically permits the circuit court to consider additional testimony and evidence under such circumstances:

The exclusive remedy for any nonprobationary teacher aggrieved by the decision made by the board of directors shall be an appeal therefrom to the circuit court of the county in which the school district is located, within seventy-five (75) days of the date of written notice of the action of the board of directors. *Additional testimony and evidence may be introduced on appeal to show facts and circumstances showing that the termination or nonrenewal was lawful or unlawful.*

Ark.Code Ann. § 6–17–1510(d) (emphasis added). Additional testimony and evidence was thus specifically permitted by statute and properly considered by the trial court. Accordingly, we conclude that the parol-evidence rule is inapplicable, and Kasinger's argument on this issue is without merit.

In Kasinger's other argument on appeal, she contends that the District did not substantially comply with the TFDA. Under the TFDA, "[a] nonrenewal ... by a school district shall be void unless the school district substantially complies with all provisions of this subchapter and the school district's applicable personnel policies." Ark.Code Ann. § 6–17–1503(c) (Repl.2007).[3] Kasinger urges that the District's nonrenewal of her contract was void because the District "chose to nonrenew

---

**2.** The teacher's contract in *Barnett* provided that Barnett was hired as a "high school teacher." When the school district terminated him for being unable to pass his licensure tests to teach in a specific subject area, Barnett argued that his contract did not specify the area in which he was supposed to teach. This court concluded that the phrase "high school teacher" was unambiguous and that the circuit court thus erred in admitting parol

evidence to construe what was meant by that term. *Barnett*, 2010 Ark. App. 333, at 9, 374 S.W.3d at 857.

**3.** From 1989 until 2001, the statute required strict compliance. Act 1739 of 2001, however, lowered the strict-compliance standard to substantial compliance. Ark.Code Ann. § 6–17–1503(a)(2) (Repl.2007)

the person with the second lowest point total in the social studies 7–12 licensure area (Melissa Kasinger) rather than the person with the lowest point total in the social studies 7–12 licensure area (Jim Brown)."

Kasinger's argument, however, ignores the fact that Brown was, in fact, removed from teaching social studies. The RIF policy speaks specifically in terms of licensure areas: "If a reduction in force becomes necessary *in a licensure area . . .*, the RIF shall be *conducted for each licensure area . . .* on the basis of each employee's points as determined by the schedule contained in this policy." (Emphasis added.) The District's reduction-in-force policy also provides that any reduction in force "will be conducted by evaluating the needs and long- and short-term goals of the school district, and by examining the staffing of the district in each licensure area."

At the hearing before the School Board, Superintendent Graham testified that, as she was considering the necessity of a reduction in force due to the District's declining enrollment, she reminded the staff that a teacher's number of points was not the only determining factor for a reduction in force: "The determining factors will include which *subject area* or grade level is overstaffed, per our policy." (Emphasis added.) On February 17, 2010, Graham conducted a meeting with her certified staff to explain how the decline in enrollment was going to necessitate a reduction in force and how such a reduction in force might be determined. At that meeting, Graham also advised that the District had to carefully balance the state-required educational accreditation standards against the District's financial situation.

Graham testified that, with those issues in mind, she and another administrator began working on the master schedule to determine what classes students wanted to take, what classes had to be kept, and what areas would be overstaffed. Ultimately, Graham concluded that social studies was one of the areas that would be overstaffed. Of the teachers who were certified in the social-studies areas, Jim Brown taught one social-studies class, as well as teaching physical-education classes and coaching football. Graham noted that "when someone [like Brown] is dual certified in those areas and fulfilling two roles for the school, it wouldn't be prudent to dismiss Mr. Brown and then hire a football coach half-time, or what other area that someone would be certified in." Graham further determined that Brown "wasn't anyone that could be dismissed from our roster because we needed him to complete our staffing."

Regarding Kasinger, who was only certified to teach in the area of social studies, Graham testified that there had not been enough social-studies classes during the present school year to fill up Kasinger's schedule. Of the remaining social-studies teachers, they had point totals ranging from twelve to thirty-one. In sum, Graham said, the District had "a lot of people with more points that can teach social studies," and Brown was "not slated to teach any [social-studies classes] in the upcoming year because we . . . had plenty of other people to fulfill that social-studies load with the reduction of students." Thus, *both* Brown, the teacher with the fewest points in the licensure area of social studies, and Kasinger, the teacher with the next fewest points, were removed from teaching in that licensure area. Because Brown was certified in other areas that did not require a reduction in force, his teaching contract was not terminated altogether; Kasinger, who could not teach in any other licensure area, was nonrenewed.

According to the TFDA, nonrenewals are void "unless the school district substantially complies with all provisions of this subchapter and the school district's applicable personnel policies." Ark.Code Ann. § 6–17–1503(c). The thrust of Kasinger's argument on appeal is that, because she was not the teacher with the fewest points in her licensure area, her nonrenewal was not in compliance with the District's personnel policies and was thus void. The District's personnel policies, however, speak in terms of reductions-in-force "in a licensure area." Further, the District's policies require an evaluation of the needs and goals of the school district. Superintendent Graham's testimony makes it clear that neither Brown nor Kasinger was needed to teach in the licensure area of social studies. Kasinger's argument fails to apprehend that, even if the District had nonrenewed Brown's contract altogether, there still would have been too many social-studies teachers, and Kasinger would have been nonrenewed regardless of the District's nonrenewal of Brown's contract.

On these facts, we are unable to conclude that the District failed to substantially comply with its personnel policies, and accordingly, the decision of the circuit court upholding the District's actions is affirmed.

Affirmed.

GLOVER and ABRAMSON, JJ., agree.