LARRY D. VAUGHT, Judge
Appellant Denan Cagle appeals the Crawford County Circuit Court's order affirming the Van Buren School District's (the district's) decision to terminate her employment. We affirm.
On April 14, 2015, the Van Buren School Board (the board) voted unanimously to terminate teacher Denan Cagle's employment after the principal and assistant principal of Northridge Middle School presented the board with several student statements describing two incidents in which Cagle slapped students. In the first incident, Cagle was accused of slapping a disruptive student in November 2014. Students described that Cagle had warned the student that if he looked at her again, she would "pop" him or "smack" him. She then held up a book to block his view of the rest of the class. According to some of the student reports, she then slapped him. Cagle claims that the student turned his face, hitting her hand. Cagle later signed an acknowledgment of receipt of a letter in which she was reprimanded for the conduct, advised that it was unprofessional and might violate district policies, and warned that further such behavior would be grounds for discipline, including the possibility of termination.
Cagle was also accused of having hit another student on January 28, 2015. In this incident, students described Cagle as having grabbed and slapped the student, who was tapping or hitting another student with a mechanical pencil. According to the reports, the slap was hard enough to leave a red mark in the shape of a hand on the student's shoulder. Additionally, according to student reports, Cagle instructed *843 the student not to tell anyone because she could lose her job.
The Van Buren School District superintendent's February 2, 2015 letter to Cagle informing her that he was recommending termination states that she signed a January 30, 2015 statement in which she admitted that she put her hands on a student in her classroom "with enough force that you felt compelled to ask him if he needed to see the school nurse." In the letter, the superintendent specifically advised Cagle of the allegations against her.
At the February 14, 2015 hearing, Cagle was represented by counsel who cross-examined both witnesses against her (the principal and assistant principal). Cagle did not testify, but her written statements were introduced to the board. The board voted as to the veracity of each of the allegations against Cagle, unanimously returning a "true" finding on each charge, and then voted to terminate her employment. Cagle was present when the board's decision was read aloud. A court reporter who had transcribed the hearing certified a transcript of the proceedings on April 20, 2015, and also certified that a copy had been hand-delivered to Cagle's attorney.
Cagle appealed to the Crawford County Circuit Court for review, and the court held a hearing on June 13, 2017. Cagle testified, along with two students who witnessed the incidents. The circuit court issued an order affirming the board's decision, and this appeal followed.
In Kasinger v. East End School Dist. ex rel. Board of Directors , 2011 Ark. App. 595, 385 S.W.3d 885, we explained:
Our standard of review in matters involving the [Teacher Fair Dismissal Act (TFDA) ] is limited to whether the circuit court's decision was clearly erroneous. Russell v. Watson Chapel Sch. Dist., 2009 Ark. 79, 313 S.W.3d 1 ; Moffitt v. Batesville Sch. Dist., 278 Ark. 77, 643 S.W.2d 557 (1982) ; Olsen v. East End Sch. Dist. , 84 Ark. App. 439, 143 S.W.3d 576 (2004). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. Russell , supra. Facts in dispute and determinations of credibility are within the province of the fact-finder. Id. The question of whether a school district has complied with the TFDA, however, is a question of law. Olsen , supra. A trial court's conclusions on a question of law will be given no weight on appeal. Id.
Kasinger , 2011 Ark. App. 595, at 5, 385 S.W.3d at 888.
Cagle's first argument on appeal is that the district did not comply with the TFDA, codified at Arkansas Code Annotated sections 6-17-1501 et seq. (Repl. 2013), by failing to provide her with a written copy of the board's decision within ten days of the hearing, which is required by the statute. The school district contends that a copy of the transcript was delivered to Cagle's attorney, as certified by the court reporter, and that the transcript included the board's votes as to whether each allegation against Cagle was "true," as well as the board's vote to terminate her. Cagle testified at the circuit court hearing that she was never given any copy of the board's written decision. On appeal, Cagle argues that there was no evidence before the circuit court that the transcript had been delivered because the only reference to it was in counsel's closing statements, which are not evidence. Cagle is mistaken: the supplemental addendum includes the court reporter's certification of delivery, which was attached to the school district's motion to dismiss and was in the record before the circuit court at the time of the hearing. Therefore, her argument *844 that the record lacks evidence of delivery is meritless.
Cagle also argues that, even if delivered to her, a transcript of the hearing before the board does not substantially comply[1] with the statutory requirement of "written findings."[2] Arkansas Code Annotated section 6-17-1510(c) required the board to deliver "specific written conclusions with regard to the truth of each reason given the teacher in support of the recommended termination...." While we agree that delivering a copy of the hearing transcript is not what was intended by the statute, we are satisfied that, based on the specific facts of this case, delivery of the transcript constituted substantial compliance with the statutory requirement.[3] The board addressed each allegation against Cagle, voted as to the truth of each allegation, and voted whether to terminate her. She received a written record of those findings. To the extent that Cagle argues that the written-findings requirement mandates more than a simple memorialization of the board's actions, we note that the plain text of the statute simply requires written conclusions as to the truth of each allegation. The transcript at issue here substantially complies with the statute.
Finally, Cagle has not and cannot demonstrate prejudice from the alleged violation of the TFDA. It is undeniable that she was present at the hearing and heard the board recite its decision and that she was able to file a timely appeal to the circuit court. As the district correctly points out in its brief, we have routinely required a showing of prejudice in teacher-dismissal cases alleging a violation of the TFDA. See, e.g. , Fullerton v. Southside Sch. Dist. , 272 Ark. 288, 291, 613 S.W.2d 827, 829 (1981). For these reasons, we affirm as to the alleged failure to provide Cagle with a written copy of the board's findings.
Cagle next argues that she was not able to cross-examine her accusers. Cagle's counsel cross-examined the principal and the assistant principal, who were the only witnesses against her. She argues that she should have been able to cross-examine the students whose statements were read to the board. Cagle never raised this issue at the board hearing, so it is not preserved for our review. Moreover, this case is distinguishable from Casada v. Booneville School District , 686 F.Supp. 730 (W.D. Ark. 1988), the case on which Cagle relies. In Casada , the teacher was denied the names of his accusers, the specifics of their allegations, and the dates of the alleged abuse. He was effectively prevented from presenting a meaningful defense because he lacked even basic information about the allegations against him. Here, there is no question that Cagle was aware of the nature of the allegations against her. She provided written statements to the board specifically addressing each incident. Additionally, nothing prevented her from gathering student witnesses *845 to speak before the board. Cagle was not denied an adequate opportunity to present a defense.
To the extent that Cagle's argument can be understood as a challenge to whether the students' statements should have been presented as evidence in their absence, Cagle never raised any objection to the presentation of the statements. Moreover, there is no requirement that evidence presented at a board hearing comply with the Arkansas Rules of Evidence. We therefore affirm as to Cagle's alleged inability to cross-examine the students whose statements were presented against her.
Cagle next argues that she was unable to mount a full defense because she could not testify before the board without waiving her Fifth Amendment right to remain silent, which she was advised not to do while related criminal charges were pending. She sought a continuance of the board's hearing, which was denied. The district cites the rule that "[a]s long as a public employer does not demand that the public employee relinquish the employee's constitutional immunity from prosecution, however, the employee can be required to either testify about performance of official duties or to forfeit employment." Hill v. Johnson , 160 F.3d 469, 471 (8th Cir. 1998). This rule stems from the doctrine of Garrity immunity, which holds that compelled statements made by a public employee during the course of an internal investigation cannot be used against the employee in subsequent criminal proceedings. Garrity v. New Jersey , 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). Garrity immunity specifically applies only to the later use of compelled statements. Here, Cagle's testimony was not compelled, she was not asked to waive Garrity immunity, and no such statement was used against her in a later criminal proceeding. The United States Supreme Court has drawn the appropriate constitutional balance between the government's need to conduct internal employment investigations and a public employee's Fifth Amendment rights against self-incrimination. Here, Cagle has cited no authority, nor could we find any, that would support her contention that the denial of her request for a continuance violated her Fifth Amendment rights as articulated in Garrity and its progeny.
Cagle's next argument is that the principal and the assistant principal presented only a few student statements to the board, which did not provide a full and accurate picture of what happened in each incident. This argument has no merit for two reasons. First, Cagle was free to present other student statements or student witnesses. She did not present such evidence. Second, Cagle's arguments go to the weight and credibility to be given the student statements. The principal testified at the hearing that fewer students were interviewed as to the second incident because the administration had already confirmed a previous report that Cagle had slapped a student. The board was free to weigh this evidence as it saw fit. Kasinger , 2011 Ark. App. 595, at 5, 385 S.W.3d at 888. We defer to the finder of fact on issues of weight and credibility; therefore, we affirm.
Cagle's final point on appeal is that her actions were within district policy on the allowable use of force.[4] We note, *846 however, that after the first incident, Cagle was warned in writing that her actions may have violated policy and that any further such conduct could result in termination. The students' statements as to the second incident included evidence that Cagle's use of force was severe enough to leave a red hand print on the student's shoulder, which prompted Cagle to ask the student if he needed medical attention. Cagle had been warned that slapping a student violated policy and could lead to termination, and the fact-finder was presented with sufficient evidence that she subsequently slapped another student. We affirm the circuit court's determination that Cagle's actions violated the district's policy on use of force.
Affirmed.
Glover and Brown, JJ., agree.

Only substantial compliance with the statute is required. Timpani v. Lakeside Sch. Dist. , 2011 Ark. App. 668, at 11, 386 S.W.3d 588, 595 (outlining the legislative history of Arkansas Code Annotated section 6-17-1503, which was amended to reduce the compliance standard from strict compliance to substantial compliance).

Appellee argues that this issue is not preserved. We disagree. Cagle's counsel argued before the circuit court that a copy of the transcript "is not good enough."

Going forward, school districts should be mindful of the statute's written-findings requirement. Our holding in this case is based on the specificity of the board's votes, as memorialized in the transcript, and the lack of prejudice to Cagle. However, delivery of a transcript of the hearing should not be relied on in the future to satisfy the statute.

While the district claims that this argument is unpreserved, Cagle's written statements, which were submitted to the board and were part of the record before the circuit court, specifically mention her need to take immediate action to prevent a violent student from hurting another student, and her testimony before the circuit court mentions the school-district policy allowing teachers to use reasonable force to protect a pupil from harm. These are the same arguments she makes on appeal regarding district policy, so we hold that the issue is sufficiently preserved.