

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV–17–171

| | |
|---|---|
| | **OPINION DELIVERED:** NOVEMBER 8, 2017 |
| DEANNA BAKER<br>APPELLANT | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>SIXTH DIVISION<br>[NO. 60CV-15-4152] |
| V. | |
| DIRECTOR, ARKANSAS<br>DEPARTMENT OF HUMAN SERVICES<br>APPELLEE | HONORABLE TIMOTHY DAVIS<br>FOX, JUDGE<br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

The Pulaski County Circuit Court granted summary judgment to appellee Director of the Arkansas Department of Human Services (ADHS) in appellant Deanna Baker's suit for declaratory and injunctive relief filed after she had been fired from her job with ADHS. Baker addresses ADHS's points raised in its cross-motion for summary judgment and argues on appeal that (1) she did not fail to exhaust her administrative remedies; (2) her claim is not barred by sovereign immunity; (3) she stated a cause of action upon which relief can be granted; (4) if the trial court's order is not deemed a denial of her motion for summary judgment, this court should adjudicate that motion rather than remand the case; and (5) she is entitled to summary judgment. We affirm because Baker failed to exhaust her administrative remedies; accordingly, we do not address her other arguments on appeal.

 

I. *Facts and Procedural History*

Baker filed a complaint in circuit court on September 4, 2015, claiming that ADHS relied on inapplicable law when it terminated her employment as a family services worker (FSW) based on her fifteen-year-old misdemeanor conviction for domestic battery, which had been discovered by ADHS during a criminal-background check. Alternatively, Baker claimed that the law on which ADHS relied had been amended to include only those convictions "during the five-year period preceding the background check request." Baker sought certain declarations under the law and injunctive relief in the form of reinstatement to her job as a FSW.

On October 12, 2015, ADHS filed a motion to dismiss arguing that Baker's complaint was barred by sovereign immunity, and Baker responded. The trial court denied ADHS's motion by order filed January 29, 2016, finding that Baker had stated sufficient facts alleging an ultra vires act to proceed with her cause of action against ADHS.

Baker filed a motion for summary judgment on July 25, 2016, along with a brief and supporting attachments.[1] In her motion, Baker listed certain undisputed facts: (1) she was convicted of domestic battery on September 17, 1998; (2) she was hired by ADHS in September 2012; (3) she had her misdemeanor conviction expunged on May 9, 2013; (4) in July 2013, ADHS conducted a criminal-background check, which revealed the 1998

---

[1]We note that the attachments to Baker's motion are not in strict compliance with Arkansas Rule of Civil Procedure 56 (2016), because not all the attachments are verified. *See Am. Gamebird Research Educ. & Dev. Found., Inc. v. Burton*, 2017 Ark. App. 297, 521 S.W.3d 176 (holding that all evidence submitted in summary-judgment proceedings must be under oath). However, no objection was raised below. Failure to raise the challenge below is fatal to the appellate court's consideration on appeal. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992).

misdemeanor conviction; (5) ADHS terminated Baker's employment in August 2013; (6) ADHS cited the 1998 conviction as the reason for Baker's termination; and (7) ADHC cited that the termination was pursuant to ADHS policy 1080.

Baker argued in the motion's accompanying brief that ADHS relied on the wrong statute when it terminated her employment.[2] She alleged that ADHS committed an ultra vires act by terminating her employment in violation of the applicable statute. She argued that the unlawful termination caused her to lose her health-insurance benefits and approximately $75,000 in wages. Baker sought reinstatement to her position with all the attendant seniority and benefits as if she had not been fired.

ADHS filed a cross-motion for summary judgment alleging that (1) Baker had failed to exhaust her administrative remedies; (2) sovereign immunity barred Baker's claims because the State's financial liability would be increased if the benefits were reinstated; (3) Baker could not demonstrate irreparable harm and thus could not prevail on her injunctive- and declaratory-relief claims; and (4) Baker was an at-will employee whose employment ADHS was entitled to terminate at any time.

Baker responded to ADHS's motion, particularly to its arguments of failure to exhaust administrative remedies and failure to demonstrate irreparable harm. Baker filed a supplemental affidavit stating that she had relied on information provided by ADHS at her termination. The affidavit states, "I otherwise knew about the grievance process and would have filed a grievance about my discharge if I had thought I could have had the merits of

---

[2]Baker argued that Ark. Code Ann. §§ 21-15-101 to -113 (Repl. 2016), controlled, rather than Ark. Code Ann. §§ 9-28-401 to -409 (Repl. 2015).



my discharge addressed." In its reply brief, ADHS claimed that its policy provides an express process by which Baker may challenge the decision as to whether her termination was grievable.

The trial court granted ADHS's cross-motion for summary judgment by order filed November 4, 2016, without specifying which of ADHS's arguments had prevailed. On November 23, 2016, Baker filed a motion to modify the trial court's order because it did not include the trial court's ruling, if any, on her motion for summary judgment, and Baker asked the trial court to specifically deny her motion for summary judgment. ADHS responded on December 12, 2016, arguing that Baker had failed to demonstrate that the order contained an error or mistake, citing Arkansas Rule of Civil Procedure 60(a) (2016). The trial court did not rule on Baker's motion, and Baker filed a timely notice of appeal.

## II. *Standard of Review*

We recently set forth our standard of review in a similar summary-judgment action that contained cross-motions for summary judgment:

> Moving to our standard of review, "summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law." *Cannady v. St. Vincent Infirmary Med. Ctr.*, 2012 Ark. 369, 423 S.W.3d 548. "Ordinarily, upon reviewing a circuit court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist." *May v. Akers-Lang*, 2012 Ark. 7, 386 S.W.3d 378. However, in a case where the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. *Hobbs v. Jones*, 2012 Ark. 293, 412 S.W.3d 844. "When parties file cross-motions for summary judgment, as was done in this case, they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case. As to issues of law presented, our review is de novo." *State v. Cassell*, 2013 Ark. 221, at 4–5, 427 S.W.3d 663, 666 (citations omitted). "De novo review means that the entire case is open for review." *Certain Underwriters at Lloyd's, London v. Bass*, 2015 Ark. 178, at 9, 461 S.W.3d 317, 323 (citations omitted).

*Washington Cty. v. Bd. of Trs. of the Univ. of Ark.*, 2016 Ark. 34, at 3, 480 S.W.3d 173, 175.

### III. *Exhaustion of Administrative Remedies*

The doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Hotels.com, L.P. v. Pine Bluff Adver. & Promotion Comm'n*, 2013 Ark. 392, 430 S.W.3d 56. The doctrine is, however, subject to numerous exceptions. *Id.* For example, exhaustion is not required when no genuine opportunity for adequate relief exists or when irreparable injury will result if the complaining party is compelled to pursue administrative remedies. *Id.* Exhaustion is also not required if an administrative appeal would be futile. *Id.*

Baker argues that her statutorily based firing is not a grievable matter, and she asserts that ADHS is estopped from making the argument. First, Baker argues that ADHS terminated her employment and informed her that her discharge was nongrievable. Second, Baker contends that ADHS policy provides that termination based on a positive criminal-background check is nongrievable, *see* ADHS Policy 1080.7.0, and that nongrievable matters include matters governed by law, *see* ADHS Policy 1086 (II)(h)(3). Therefore, Baker claims that if the administrative process could have been available to her, this statement and policy should equitably estop ADHS from now claiming that she had a duty to grieve her discharge, because she would have relied on that affirmative misrepresentation to her detriment. *See generally Foote's Dixie Dandy, Inc. v. McHenry*, 270 Ark. 816, 607 S.W.2d 323 (1980) (holding that the State was estopped from collecting an additional assessment in unemployment-insurance contributions by corporation's reliance on

statements of field auditor of Employment Security Division); *Ark. Dep't of Human Servs. v. Estate of Lewis*, 325 Ark. 20, 922 S.W.2d 712 (1996) (providing that the elements of estoppel are that the party to be estopped must know the facts; the party to be estopped must intend that the conduct be acted on or must act so that the party asserting estoppel had the right to believe it was so intended; the party asserting estoppel must be ignorant of the facts; and the party asserting estoppel must rely on the other's conduct and be injured by that reliance).

Baker argues that regardless of any estoppel, a grievance would and should have been disallowed because the underlying matter is governed by a state statute. She contends that she could not have gained any remedy through such a procedure; a denial of her claim in such a procedure would not have been directly appealable to any court; and thus, resorting to the administrative remedies would have been futile and was not required. She cites *Cummings v. Big Mac Mobile Homes, Inc.*, 335 Ark. 216, 980 S.W.2d 550 (1998), wherein the Arkansas Supreme Court held that the buyers of a mobile home did not have to exhaust administrative remedies before bringing suit, because applicable statutes did not provide for an administrative remedy for the relief sought, and asking for such a remedy before the Manufactured Home Commission would have been manifestly futile. Baker also relies on one of ADHS's exhibits to its cross-motion for summary judgment—an appeal of a nongrievance determination wherein the panel held that due to the statutory nature of the definition of a "safety sensitive" position, the issue was excluded from the purview of the grievance-appeal panel because matters governed by law are not eligible for grievance under Policy 1086.11.h.3.

SLIP OPINION

Baker contends that she knows of no authority for the proposition that the exhaustion of an administrative remedy can be required to deny a court action when the same administrative authority, directly by policy and regulation, precludes that matter from administrative review. She argues that her only claim is a statutory claim outside the agency's jurisdiction and that it is not coupled with any regular claim that would otherwise be presented to the agency. She cites *Abraham v. Beck*, 2015 Ark. 80, 456 S.W.3d 744, in which our supreme court held that when the plaintiff has no pending claims before an agency and raises a facial challenge to a statute, an exhaustion of administrative remedies is not necessary to bring an action under the Declaratory Judgment Act. She also relies on *McGhee v. Arkansas State Board of Collection Agencies*, 368 Ark. 60, 234 S.W.3d 278 (2006), which held that taxpayers were not required to exhaust their administrative remedies before bringing a declaratory-judgment claim alleging that the Check-Casher's Act violated the state constitutional usury limit. Baker argues that a board's decision on her claim would not be judicially reviewable because a negative decision would have been appealable to the state grievance-review panel.

Baker argues that she did not file and then withdraw a grievance over her discharge, as alleged by ADHS. She claims that she filed a grievance about being placed on desk duty while her criminal-background check was being done, the filing and withdrawal of which, she claims, occurred before her termination. She maintains that she would have filed a grievance over her discharge had she not been told (correctly, she contends) that it was non grievable. Baker also notes that the nonbinding mediation procedure that ADHS claims she

should have exhausted was not adopted until June 23, 2014. *See* Ark. Code Ann. § 21-1-701 (Repl. 2016).

ADHS contends that the trial court's grant of summary judgment should be affirmed, and that this court should hold that Baker's suit was properly dismissed for her failure to challenge her termination through ADHS's grievance procedures. We agree with ADHS's contention. It is well established that a litigant must exhaust her administrative remedies before instituting litigation to challenge the action of the administrative agency. *Abraham*, *supra*. When relief is available from an administrative agency, the plaintiff is required to pursue that avenue of redress before proceeding to the courts. *Hotels.com*, *supra*.

Baker seeks a declaratory judgment; therefore, exhaustion is required, *Rehab Hosp. Servs. Corp. v. Delta-Hills Health Sys. Agency, Inc.*, 285 Ark. 397, 687 S.W.2d 840 (1985), and the exceptions to the exhaustion doctrine do not apply. There is a genuine opportunity for adequate relief for any employee of ADHS to challenge an adverse action through its grievance–appeal process. *See Hotels.com*, *supra*. ADHS presented unrefuted evidence that the administrative remedies available to its employees are not futile because the administrative tribunals overseeing its employment appeals can, and do, overturn ADHS decisions.

Baker initiated the grievance process when she was placed on desk duty, but she withdrew her grievance. Instead of following it through, she claims that ADHS is estopped from requiring exhaustion; alternatively, she claims that even if ADHS is not estopped, the process would have been futile. However, the unrefuted evidence was that even the issue of grievability is a matter that may be challenged by an ADHS employee. *See* ADHS

Mediation/Grievance Policy 1086. Additionally, ADHS presented to the trial court unrefuted facts of other instances in which employees have appealed the very nongrievability determinations of adverse actions; implicit in these appeals, ADHS contends, were that ADHS had communicated to the employee that the matters were not grievable. Baker does not provide authority for her suggestion that solely challenging a statute in an effort for reinstatement exempts her from the exhaustion doctrine. *Abraham*, *supra*, only lends support to the exhaustion requirement, as it held that the physician and patient were not required to exhaust administrative remedies because they had no claims before the agency. Here, Baker's claim was for reinstatement. Baker was also required to raise any constitutional or statutory violations at the administrative level. *McGhee*, 368 Ark. at 67, 234 S.W.3d at 284.

Even if the administrative review ultimately determined that the appeal process did not encompass the review of a statutory issue, Arkansas law is clear that Baker was required to carry out the process to the absolute end or present facts to demonstrate that it is certain the relief sought would be denied on appeal. In *Old Republic Surety Co. v. McGhee*, 360 Ark. 562, 203 S.W.3d 94 (2005), the Arkansas Supreme Court held that one must present facts demonstrating certainty that the relief sought will be denied on appeal for the futility exception to apply. Baker failed to present any facts on this issue. Based on our de novo review, we affirm.

Affirmed.

ABRAMSON and WHITEAKER, JJ., agree.

*Lavey and Burnett*, by: *John L. Burnett*, for appellant.
*Amanda Land*, Office of Chief Counsel, for appellee.