Cite as 2025 Ark. App. 123

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-740

| | |
|---|---|
| | Opinion Delivered February 26, 2025 |
| CAROL OVERTON | |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT. SEVENTEENTH DIVISION [NO. 60CV-20-4810] |
| V. | |
| LITTLE ROCK SCHOOL DISTRICT | |
| | HONORABLE MACKIE M. PIERCE, JUDGE |
| APPELLEE | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Carol Overton ("Overton") appeals from a Pulaski County Circuit Court order denying her motion for summary judgment and granting the cross-motion for summary judgment filed by appellee Little Rock School District ("LRSD"). Specifically, Overton argues (1) LRSD's 5 percent threshold for triggering reduction-in-force procedures is invalid and unenforceable; (2) LRSD violated the Teacher Fair Dismissal Act ("TFDA") by failing to follow its own reduction-in-force policy; and (3) LRSD violated TFDA by nonrenewing Overton's contract for an invalid reason. We affirm.

Overton was the assistant principal at Hall High School in the LRSD during the 2019–2020 school year. [1] During that time, LRSD was under the control of the Arkansas Department of Education because the LRSD School Board had been stripped of its powers by the Arkansas State Board of Education. The secretary of the Arkansas Department of Education, Johnny Key, was acting in the place of LRSD's School Board. Secretary Key established a Community Advisory Board to hold hearings and make recommendations to him on any teacher contracts that would be nonrenewed.

On December 12, 2019, the Arkansas State Board of Education voted to reorganize Hall High School and vacate all the positions within it, including Overton's. On January 8, 2020, LRSD adopted a "Reorganization Resolution" that stated, "[I]n order to comply with the recent directive of the Arkansas State Board of Education regarding the reorganization of Hall High School" and "to treat all employees at the impacted schools in the same way," all positions at McClellan and J.A. Fair High Schools, in addition to those vacated by the Arkansas State Board of Education at Hall High School, would be "declared vacant." The Reorganization Resolution noted that employees whose positions were vacated would have the opportunity to apply for open positions at Hall High School and the new Southwest High School. The Reorganization Resolution also alerted employees that "LRSD expects to employ fewer teachers, building administrators and support staff in the 2020–2021 school

---

[1]The parties' arguments concern the TFDA, codified at Ark. Code Ann. §§ 6-17-1501 to -1510 et seq. (Repl. 2021). Although TFDA has since been replaced by the LEARNS Act, it was in effect at all times relevant to this case.

year," so "teachers, building administrators and support staff who do not secure an open position could receive a recommendation for nonrenewal."

On April 29, 2020, the LRSD superintendent, Mike Poore, recommended by written letter that Overton's contract not be renewed for the 2020–2021 school year because she failed to secure an open position within the district. Overton was informed she was entitled to a hearing before Secretary Key regarding Superintendent Poore's recommendation.

On June 9, 2020, the LRSD conducted a board hearing where Overton was represented by counsel and had the opportunity to present evidence and cross-examine witnesses. Robert Robinson, LRSD human resources executive director, testified LRSD's normal attrition rate was between 100 and 150 teachers. Robinson further testified that displaced employees from Hall High School were free to apply anywhere in the district with "priority hiring for in-house first." Overton testified she had applied for various open positions within LRSD to no avail. At the conclusion of that hearing, the LRSD Community Advisory Board voted unanimously to accept Superintendent Poore's recommendation that Overton's contract be nonrenewed. Secretary Key, acting as commissioner of the State Board of Education, supported the Community Advisory Board's decision, and Overton's contract was nonrenewed effective June 18, 2020. However, on July 16, 2020, Overton was rehired by LRSD to work as a teacher at Southwest High School.

On December 22, 2020, Overton filed an amended complaint against LRSD claiming her non-renewal violated the TFDA, Age Discrimination in Employment Act, and the Arkansas Age Discrimination Act. On March 16, 2022, Overton filed a motion for partial

3

summary judgment with respect to the TFDA and reduction-in-force policy issues. On April 6, 2022, LRSD filed a response to Overton's motion for partial summary judgment and a counterclaim for summary judgment. On August 10, 2022, the circuit court denied Overton's summary-judgment motion and granted summary judgment in favor of LRSD. The circuit court found that LRSD's policy complied with the requirements of Ark. Code Ann. § 6-17-2407 and that LRSD acted in accordance with that statute and its own policy.[2]

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Baker v. Dir.*, 2017 Ark. App. 593, 534 S.W.3d 742. Ordinarily, upon reviewing a circuit court's decision on a summary-judgment motion, this court would examine the record to determine if genuine issues of material fact exist. *Id.* However, when the parties agree on the facts, this court simply determines whether the party was entitled to judgment as a matter of law. *Id.* When parties file cross-motions for summary judgment, as was done in this case, they essentially agree there are no material facts remaining, and summary judgment is an appropriate means of resolving the case. *Id.* As to issues of law presented, this court's standard of review is de novo. *Id.*

Additionally, this court's rules regarding statutory construction are clear and well established. This court reviews issues of statutory interpretation de novo and is not bound

---

[2]On August 25, 2024, Overton moved to voluntarily dismiss her remaining age discrimination claims with prejudice. On September 15, 2023, the circuit court dismissed Overton's age discrimination claims with prejudice.

by the circuit court's determination. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179. However, this court will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Cockrell v. Union Planters Bank*, 359 Ark. 8, 194 S.W.3d 178 (2004). The basic rule of statutory construction is to give effect to the intent of the legislature. *Calaway v. Prac. Mgmt. Servs., Inc.*, 2010 Ark. 432. Where the language of a statute is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, this court construes it just as it reads, giving the words their ordinary and usually accepted meaning in the common language. *Id.* This court construes the statute so that no word is left void, superfluous or insignificant, and this court gives meaning and effect to every word in the statute, if possible. *Id.* If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation. *Brown v. State*, 375 Ark. 499, 292 S.W.3d 288 (2009).

For her first point on appeal, Overton argues LRSD's 5 percent threshold for triggering reduction-in-force procedures is invalid, unenforceable, and in direct conflict with Ark. Code Ann. § 6-17-2407 (Repl. 2021). We disagree. It is the public policy of the State of Arkansas that each school district shall have a written policy on reduction in force based upon criteria for a layoff and recall of employees. *Id.* § 6-17-2407(a)(1). These criteria shall include, without limitation, an employee's merit, ability, attendance, performance, and effectiveness. *Id.* § 6-17-2407(a)(1)(A)–(E). Additionally, the following factors shall not count for more than 50 percent of the total criteria used by a school district in its written

policy on reduction in force: (1) an employee's seniority; (2) an employee's length of service with the school district; (3) an employee's total professional development hours; and (4) the education level of an employee. *Id.* § 6-17-2407(a)(2)(A)–(D). A "layoff" is an unavoidable reduction in the workforce beyond normal attrition. *Id.* § 6-17-2407(b).

Here, the record demonstrates LRSD has a written reduction-in-force policy that states, "The School Board acknowledges its authority to conduct a reduction in force when a decrease in enrollment or other reason(s) make such a reduction necessary or desirable. A reduction in force will be conducted when the need for a reduction in the work force exceeds the normal rate of attrition for that portion of the staff that is in excess of the needs of the district as determined by the superintendent." The policy defines reduction in force as "a reduction of five percent or more in the number of certified personnel to be employed for the successive year when compared to the number employed at the end of the first semester in any current year."

Overton's focus on the 5 percent threshold is misplaced. Arkansas Code Annotated section 6-17-2407 requires a school district to have a written policy on reduction in force based on the criteria listed in the statute. The statute does not prohibit the use of a threshold number to trigger reduction-in-force policies. Arkansas precedent is clear regarding a school board's broad authority to determine its policies. *See Bentonville Sch. Dist. v. Sitton*, 2022 Ark. 80, at 12–13, 643 S.W.3d 763. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Pulaski Cnty. Special Sch. Dist. v. Lewis*, 2017 Ark. App. 264, 521 S.W.3d 142.

Therefore, considering this precedent and the clear and unambiguous language contained in the statute, we conclude LRSD complied with the requirements of Ark. Code Ann. § 6-17-2407.

Overton next argues LRSD violated the TFDA by failing to follow its own reduction-in-force policy. We disagree. Overton's argument is based on the premise that a reduction in force occurred. Under LRSD's policy, a reduction in force is not triggered until 5 percent of the affected population is reached. LRSD originally projected it would lose ninety-four teachers between the 2019–2020 school year and the 2020–2021 school year. However, the actual number of teachers lost was thirty. Both the projected and actual numbers are well below LRSD's 5 percent threshold, meaning the reduction-in-force policy was never triggered. Therefore, there can be no violation of the TFDA on the basis that Overton alleged.

Finally, Overton argues LRSD violated the TFDA by nonrenewing her contract for an invalid reason. However, the circuit court did not specifically rule on this point. Our courts have repeatedly held that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. *See, e.g.*, *Doe v. Baum*, 348 Ark. 259, 72 S.W.3d 476 (2002); *E-Z Cash Advance, Inc. v. Harris*, 347 Ark. 132, 60 S.W.3d 436 (2001); *Barker v. Clark*, 343 Ark. 8, 33 S.W.3d 476 (2000). We will not presume a ruling from the circuit court's silence. *TEMCO Constr., LLC v. Gann*, 2013 Ark. 202, at 9, 427 S.W.3d 651, 657. Accordingly, we are precluded from reviewing this issue.

Affirmed.

KLAPPENBACH, C.J., and WOOD, J., agree.

*Mitchell, Blackstock, Wright & Alagood, PLLC*, by: *Michael Muskheli*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Christopher Heller*, for appellee.