Cite as 2025 Ark. App. 265

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-23-822

| | |
|---|---|
| LITTLE ROCK SCHOOL DISTRICT<br>APPELLANT | Opinion Delivered April 30, 2025 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION |
| OVID LAMB<br>APPELLEE | [NO. 60CV-20-4815] |
| | HONORABLE CARA CONNORS |
| | REVERSED AND DISMISSED IN PART; REVERSED AND REMANDED IN PART |

**RAYMOND ABRAMSON, Judge**

Little Rock School District (LRSD) appeals from a Pulaski County Circuit Court order granting the motion for summary judgment filed by appellee Ovid Lamb. Specifically, LRSD argues the circuit court erred in finding that (1) LRSD's 5 percent threshold for triggering reduction-in-force procedures is invalid and unenforceable; (2) LRSD violated the Teacher Fair Dismissal Act (TFDA)[1] by failing to follow its own reduction-in-force policy; and (3) LRSD did not have "just and reasonable cause" to not renew Lamb's contract for the 2020–2021 school year. We reverse and dismiss in part and reverse and remand in part.

---

[1]The parties' arguments concern the TFDA, codified at Ark. Code Ann. §§ 6-17-1501 to -1510 et seq. (Repl. 2021). Although the TFDA has since been replaced by the LEARNS Act, it was in effect at all times relevant to this case.

## I. *Background*

Lamb was a teacher at McClellan High School in LRSD during the 2019–2020 school year. During that time, LRSD was under control of the Arkansas Department of Education because the LRSD School Board had been stripped of its powers by the Arkansas State Board of Education. The secretary of the Arkansas Department of Education, Johnny Key, was acting in the place of LRSD's School Board. Secretary Key established a Community Advisory Board to hold hearings and make recommendations to him on any teacher contracts that would be nonrenewed.

On January 8, 2020, LRSD adopted a "Reorganization Resolution" that stated, "[I]n order to comply with the recent directive of the Arkansas State Board of Education regarding the reorganization of Hall High School" and "to treat all employees at the impacted schools in the same way," all positions at McClellan and J.A. Fair High Schools, in addition to those vacated by the Arkansas State Board of Education at Hall High School, would be "declared vacant." The Reorganization Resolution noted that employees whose positions were vacated would have the opportunity to apply for open positions at Hall High School and the new Southwest High School. The Reorganization Resolution also alerted employees that "LRSD expects to employ fewer teachers, building administrators and support staff in the 2020–2021 school year," so "teachers, building administrators and support staff who do not secure an open position could receive a recommendation for nonrenewal."

Lamb has been a licensed teacher in the State of Arkansas since 1980. He began working with LRSD in 1992 and was transferred to McClellan High School in 2006, where he worked until the events that are the subject of the instant case. On May 8, 2019, Lamb signed an employment contract for the 2019–2020 school district as a "non-probationary teacher." Following the Reorganization Resolution, Lamb applied for over fifty-three positions that he met the qualifications to fill. He did not secure a position,[2] and it was recommended that Lamb's contract not be renewed for the 2020–2021 school year. On June 9, 2020, Lamb participated in a hearing in front of the LRSD Advisory Board. At the conclusion of the hearing, the LRSD Advisory Board unanimously upheld the nonrenewal of Lamb's contract.

On December 11, 2020, Lamb filed an amended complaint against LRSD alleging that his nonrenewal violated the TFDA, the Age Discrimination in Employment Act, and the Arkansas Age Discrimination Act. On August 17, 2021, Lamb moved for partial summary judgment with respect to the TFDA and reduction-in-force-policy issues. On September 9, 2021, LRSD filed a response to Lamb's motion for partial summary judgment. On May 5, 2022, the circuit court granted Lamb's motion and found that LRSD's reduction-in-force policy did not comply with the requirements of Ark. Code Ann. § 6-17-2407 and that LRSD had not acted in accordance with the TFDA and its own policy; accordingly, the

---

[2]It is not clear from the record why he did not secure a position.

circuit court found Lamb's nonrenewal void. Following this, Lamb dismissed his age-discrimination claims pursuant to Ark. R. Civ. P. 41(a).

## II. *Standard of Review*

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Baker v. Dir.*, 2017 Ark. App. 593, 534 S.W.3d 742. Ordinarily, upon reviewing a circuit court's decision on a summary-judgment motion, this court would examine the record to determine whether genuine issues of material fact exist. *Id.* However, when the parties agree on the facts, this court simply determines whether the party was entitled to judgment as a matter of law. *Id.* In the instant case, the parties have stipulated to the underlying facts surrounding the case. As to issues of law presented, this court's standard of review is de novo. *Id.*

This court's rules regarding statutory construction are clear and well established. We review issues of statutory construction de novo because it is for this court to decide what a statute means. *Burkett v. Exxon Tiger Mart, Inc.*, 2009 Ark. App. 93, at 4, 304 S.W.3d 2, 5. However, this court will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Cockrell v. Union Planters Bank*, 359 Ark. 8, 194 S.W.3d 178 (2004). The primary rule of statutory construction is to give effect to the intent of the legislature. *Rodgers v. Ark. Parole Bd.*, 2024 Ark. 176, 700 S.W.3d 876. We first construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Worsham v. Bassett*, 2016 Ark. 146, 489 S.W.3d 162. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no

4

need to resort to rules of statutory construction. *Pillow v. Dir.*, 2024 Ark. App. 76, 684 S.W.3d 302.

Our standard of review in matters involving the TFDA is limited to whether the circuit court's decision was clearly erroneous. *Kasinger v. E. End Sch. Dist. ex rel. Bd. of Dirs.*, 2011 Ark. App. 595, 385 S.W.3d 885. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that an error has been made. *Id.* Facts in dispute and determinations of credibility are within the province of the fact-finder. *Id.* Whether a school district has complied with the TFDA, however, is a question of law. *Id.* A circuit court's conclusions on a question of law will be given no weight on appeal. *Id.*

### III. *LRSD's Reduction-in-Force Policy and the TFDA*

We faced a nearly identical issue in *Overton v. Little Rock School District*, 2025 Ark. App. 123, at 6–7, ___ S.W.3d ___, ___. In *Overton*, an assistant principal with Hall High School during the 2019–2020 school year failed to obtain an open position within the district during the same Reorganization Resolution. Like Lamb, Overton argued that LRSD's reduction-in-force policy was contradictory to the TFDA and requested that her nonrenewal be found void. In that case, we held:

> Arkansas Code Annotated section 6-17-2407 requires a school district to have a written policy on reduction in force based on the criteria listed in the statute. The statute does not prohibit the use of a threshold number to trigger reduction-in-force policies. Arkansas precedent is clear regarding a school board's broad authority to determine its policies. *See Bentonville Sch. Dist. v. Sitton*, 2022 Ark. 80, at 12–13, 643 S.W.3d 763[, 772]. In considering the meaning of a statute, we construe it just as it reads, giving the words their

5

ordinary and usually accepted meaning in common language. *Pulaski Cnty. Special Sch. Dist. v. Lewis*, 2017 Ark. App. 264, 521 S.W.3d 142. Therefore, considering this precedent and the clear and unambiguous language contained in the statute, we conclude LRSD complied with the requirements of Ark. Code Ann. § 6-17-2407.

*Overton*, 2025 Ark. App. 123, at 6–7, ___ S.W.3d at ___. We again confirm that LRSD's reduction-in-force policy was valid, enforceable, and did not conflict with Ark. Code Ann. § 6-17-2407.

Next, LRSD argues that a reduction in force never occurred, and thus, LRSD did not violate its policy. In response, Lamb argues both that a reduction in force occurred and that the LRSD violated the TFDA by failing to follow its own policy. For the reasons previously stated, LRSD's policy states that a reduction in force is not triggered until 5 percent of the affected population is reached. It is undisputed that LRSD lost only thirty teachers between the 2019–2020 and the 2020–2021 school years, despite anticipating that it may lose as many as ninety-four teachers. Regardless, both the projected loss and the actual loss were well below the LRSD's 5 percent threshold. There can be no violation of LRSD's reduction-in-force policy when a reduction in force does not occur. *Overton*, 2025 Ark. App. 123, at 7, ___ S.W.3d at ___.

IV. *Nonrenewal of Lamb's Contract*

Finally, LRSD argues that it had good cause for not renewing Lamb's contract, despite his position as a nonprobationary teacher. Under the TFDA, a teacher who achieved nonprobationary status could be terminated or have his contract not renewed only when

6

[t]here is a reduction in force created by districtwide reduction in licensed personnel, for incompetent performance, conduct which materially interferes with the continued performance of the teacher's duties, repeated or material neglect of duty, or other just and reasonable cause.

Ark. Code Ann. § 6-17-1510(b). In the instant case, we have already determined that there has not been a reduction in force. Furthermore, LRSD does not allege that Lamb performed incompetently, neglected his duties, or conducted himself in such a way that interfered with his continued performance. Accordingly, LRSD could elect not to renew his contract only if there was "other just and reasonable cause."

The circuit court declared LRSD's nonrenewal of Lamb's contract void because LRSD did not substantially comply with the TFDA and its reduction-in-force policy. As this court has previously stated, LRSD did not fail to comply with the TFDA or its reduction-in-force policy. Therefore, the circuit court clearly erred on this point.

Accordingly, we reverse and remand on this claim. *See Mattox v. Mountain Home Sch. Dist.*, 2024 Ark. App. 303, at 15–16, 689 S.W.3d 453, 462 (reversing and remanding upon finding that the circuit court erred in its initial determination).

## V. *Conclusion*

We reverse and dismiss the claim that LRSD's 5 percent threshold conflicted with the TFDA. We further reverse and dismiss the claim that LRSD failed to abide by its reduction-in-force policy. Finally, we reverse and remand on the final claim and direct the circuit court to determine whether Lamb's nonrenewal was for just and good cause.

Reversed and dismissed in part; reversed and remanded in part.

7

KLAPPENBACH, C.J., and MURPHY, J., agree.

*Friday, Eldredge & Clark, LLP*, by: *Christopher Heller*, for appellant.

*Mitchell, Blackstock, Wright & Alagood, PLLC*, by: *Clayton Blackstock*, *Greg Alagood*, and *Michael Muskeli*, for appellee.