Cite as 2025 Ark. App. 529

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-24-559

| | |
|---|---|
| LITTLE ROCK SCHOOL DISTRICT<br>APPELLANT<br><br>V.<br><br>JUDITH HART<br>APPELLEE | Opinion Delivered November 5, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NO. 60CV-20-4812]<br><br>HONORABLE LATONYA HONORABLE, JUDGE<br><br>REVERSED AND DISMISSED IN PART; REVERSED AND REMANDED IN PART |

**RAYMOND R. ABRAMSON, Judge**

Little Rock School District (LRSD) appeals from a Pulaski County Circuit Court order granting the motion for summary judgment filed by appellee Judith Hart. Essentially, LRSD argues that (1) a violation of Arkansas Code Annotated section 6-17-2407 is not a violation of the Teachers' Fair Dismissal Act (TFDA);[1] (2) LRSD's 5 percent threshold for triggering reduction-in-force procedures is valid and enforceable; (3) LRSD did not violate the TFDA; and (4) LRSD had "just and reasonable cause" to not renew Hart's contract for the 2020–2021 school year. We reverse and dismiss in part and reverse and remand in part.

---

[1]The parties' arguments concern the TFDA, codified at Ark. Code Ann. §§ 6-17-1501 to -1510 (Repl. 2021). The TDFA was in effect at all times relevant to this case although it has since been replaced by the LEARNS Act.

## I. *Background*

Hart was a teacher at McClellan High School in LRSD during the 2019–2020 school year. During that time, LRSD was under control of the Arkansas Department of Education because the LRSD School Board had been stripped of its powers by the Arkansas State Board of Education. The secretary of the Arkansas Department of Education, Johnny Key, was acting in the place of LRSD's School Board. Secretary Key established a Community Advisory Board to hold hearings and make recommendations to him on any teacher contracts that would be nonrenewed.

On January 8, 2020, LRSD adopted a "Reorganization Resolution" that stated, "[I]n order to comply with the recent directive of the Arkansas State Board of Education regarding the reorganization of Hall High School" and "to treat all employees at the impacted schools in the same way," all positions at McClellan and J.A. Fair High Schools, in addition to those vacated by the Arkansas State Board of Education at Hall High School, would be "declared vacant." The Reorganization Resolution noted that employees whose positions were vacated would have the opportunity to apply for open positions at Hall High School and the new Southwest High School. The Reorganization Resolution also alerted employees that "LRSD expects to employ fewer teachers, building administrators and support staff in the 2020–2021 school year," so "teachers, building administrators and support staff who do not secure an open position could receive a recommendation for nonrenewal."

Hart has been a licensed teacher in the State of Arkansas since 1980. She had worked as a teacher and a guidance counselor for the district since 1986. On May 24, 2019, Hart

signed an employment contract for the 2019–2020 school year. The parties do not contest that Hart was a nonprobationary employee. Following the Reorganization Resolution, Hart applied for roughly twenty positions that she met the qualifications to fill, but she never received a single interview. She did not secure a position,[2] and it was recommended that Hart's contract not be renewed for the 2020–2021 school year. On June 10, 2020, Hart participated in a hearing in front of the LRSD Advisory Board. At the conclusion of the hearing, the LRSD Advisory Board unanimously upheld the nonrenewal of Hart's contract.

On December 13, 2021, Hart filed an amended complaint against LRSD alleging that her nonrenewal violated the TFDA, the Age Discrimination in Employment Act, and the Arkansas Age Discrimination Act. On December 17, 2021, Hart moved for partial summary judgment with respect to the TFDA and reduction-in-force-policy issues. On December 21, 2021, LRSD filed a response to Hart's motion for partial summary judgment and a countermotion for summary judgment. On July 29, 2022, the circuit court held a hearing on the parties' motions for summary judgment. After ruling from the bench, the circuit court filed a written order in which it granted Hart's motion and found that LRSD's reduction-in-force policy did not comply with the requirements of Ark. Code Ann. § 6-17-2407 (Repl. 2021) and that LRSD had not acted in accordance with the TFDA and its own policy; accordingly, the circuit court found Hart's nonrenewal void since her dismissal was

---

[2]It is not clear from the record why she did not secure a position.

3

not "unavoidable." Following this, Hart dismissed her age-discrimination claims pursuant to Ark. R. Civ. P. 41(a).

## II. *Standard of Review*

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Baker v. Dir.*, 2017 Ark. App. 593, 534 S.W.3d 742. Ordinarily, upon reviewing a circuit court's decision on a summary-judgment motion, this court would examine the record to determine whether genuine issues of material fact exist. *Id.* However, when the parties agree on the facts, this court simply determines whether the party was entitled to judgment as a matter of law. *Id.* In the instant case, the parties have stipulated to the underlying facts surrounding the case. As to issues of law presented, this court's standard of review is de novo. *Id.*

This court's rules regarding statutory construction are clear and well established. We review issues of statutory construction de novo because it is for this court to decide what a statute means. *Burkett v. Exxon Tiger Mart, Inc.*, 2009 Ark. App. 93, at 4, 304 S.W.3d 2, 5. However, this court will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Cockrell v. Union Planters Bank*, 359 Ark. 8, 194 S.W.3d 178 (2004). The primary rule of statutory construction is to give effect to the intent of the legislature. *Rodgers v. Ark. Parole Bd.*, 2024 Ark. 176, 700 S.W.3d 876. We first construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Worsham v. Bassett*, 2016 Ark. 146, 489 S.W.3d 162. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no

4

need to resort to rules of statutory construction. *Pillow v. Dir.*, 2024 Ark. App. 76, 684 S.W.3d 302.

Our standard of review in matters involving the TFDA is limited to whether the circuit court's decision was clearly erroneous. *Kasinger v. E. End Sch. Dist. ex rel. Bd. of Dirs.*, 2011 Ark. App. 595, 385 S.W.3d 885. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that an error has been made. *Id.* Facts in dispute and determinations of credibility are within the province of the fact-finder. *Id.* Whether a school district has complied with the TFDA, however, is a question of law. *Id.* A circuit court's conclusions on a question of law will be given no weight on appeal. *Id.*

### III. *LRSD's Reduction-in-Force Policy and the TFDA*

As a preliminary matter, LRSD makes, for the first time on appeal, the novel argument that Arkansas Code Annotated section 6-17-2407 is an "unrelated statute" to the TFDA.[3] To preserve an issue for appeal, a party must object at the first opportunity and obtain a ruling from the circuit court. *Stell v. Stell*, 2021 Ark. App. 478, at 2, 638 S.W.3d 855, 857. We will not review a matter on which the circuit court has not ruled, and the burden of obtaining a ruling is on the movant; matters left unresolved are waived and may

---

[3]The court notes that the TFDA requires a school district to abide by the school district's "applicable personnel policies." Ark. Code Ann. § 6-17-1503(c). Arkansas Code Annotated section 6-17-2407 mandates that each school district shall have a written policy on reduction in force based upon criteria for a layoff and recall of employees. Accordingly, while Arkansas Code Annotated section 6-17-2407 is not technically a part of the TFDA, a violation of section 6-17-2407 violates the TFDA.

not be raised on appeal. *Id.* LRSD did not raise this issue below at any point. Accordingly, this argument was not preserved for appeal, and we do not address it now. *See Dicholkar v. McMillon*, 2024 Ark. App. 155, at 17, 686 S.W.3d 542, 553.

Likewise, the circuit court noted that LRSD performed a "layoff" because Hart's nonrenewal was not "unavoidable." Hart concedes in her brief that any reduction was unavoidable: "It is uncontroverted in the record that . . . LRSD experienced an *unavoidable* reduction in workforce." (Emphasis added.) Accordingly, Hart has abandoned the argument that LRSD performed a layoff. *See DePriest v. AstraZeneca Pharms., L.P.*, 2009 Ark. 547, 351 S.W.3d 168 (finding that arguments not made on appeal are considered abandoned.).

As to LRSD's reduction-in-force policy, we faced a nearly identical issue in *Overton v. Little Rock School District*, 2025 Ark. App. 123, at 6–7, 708 S.W.3d 813, 816–17. In *Overton*, an assistant principal with Hall High School during the 2019–2020 school year failed to obtain an open position within the district during the same Reorganization Resolution. Like Hart, Overton argued that LRSD's reduction-in-force policy was contradictory to the TFDA and requested that her nonrenewal be found void. In that case, we held:

> Arkansas Code Annotated section 6-17-2407 requires a school district to have a written policy on reduction in force based on the criteria listed in the statute. The statute does not prohibit the use of a threshold number to trigger reduction-in-force policies. Arkansas precedent is clear regarding a school board's broad authority to determine its policies. *See Bentonville Sch. Dist. v. Sitton*, 2022 Ark. 80, at 12–13, 643 S.W.3d 763[, 772]. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Pulaski Cnty. Special Sch. Dist. v. Lewis*, 2017 Ark. App. 264, 521 S.W.3d 142. Therefore, considering this precedent and the clear and unambiguous language contained

in the statute, we conclude LRSD complied with the requirements of Ark. Code Ann. § 6-17-2407.

*Overton*, 2025 Ark. App. 123, at 6–7, 708 S.W.3d at 817. We again confirm that LRSD's reduction-in-force policy was valid and enforceable, and it did not conflict with Arkansas Code Annotated section 6-17-2407.

Next, LRSD argues that a reduction in force never occurred; thus, LRSD did not violate its policy. In response, Hart argues both that a reduction in force occurred and that LRSD violated the TFDA by failing to follow its own policy. For the reasons previously stated, LRSD's policy states that a reduction in force is not triggered until 5 percent of the affected population is reached. It is undisputed that LRSD lost only thirty teachers between the 2019–2020 and the 2020–2021 school years, despite anticipating that it may lose as many as ninety-four teachers. Regardless, both the projected loss and the actual loss were well below the LRSD's 5 percent threshold. There can be no violation of LRSD's reduction-in-force policy when a reduction in force does not occur. *Overton*, 2025 Ark. App. 123, at 7, 708 S.W.3d at 817.

IV. *Nonrenewal of Hart's Contract*

Finally, LRSD argues that it had good cause for not renewing Hart's contract, despite her position as a nonprobationary teacher. Under the TFDA, a teacher who achieved nonprobationary status could be terminated or have her contract not renewed only when

> [t]here is a reduction in force created by districtwide reduction in licensed personnel, for incompetent performance, conduct which materially interferes with the continued performance of the teacher's duties, repeated or material neglect of duty, or other just and reasonable cause.

7

Ark. Code Ann. § 6-17-1510(b). In the instant case, we have already determined that there has not been a reduction in force; accordingly, LRSD's argument that a reduction in force is a legitimate basis for nonrenewal of Hart's contract fails. Furthermore, LRSD does not allege that Hart performed incompetently, neglected her duties, or conducted herself in such a way that interfered with her continued performance. Accordingly, LRSD could elect not to renew her contract only if there was "other just and reasonable cause."

LRSD argues that absent a finding that the LRSD Community Advisory Board (the Board) abused its discretion, the circuit court could not override the Board. Again, this argument was not raised below. Accordingly, this argument was not preserved for appeal, and we do not address it now. *See Dicholkar*, 2024 Ark. App. 155, at 17, 686 S.W.3d at 553.

The circuit court declared LRSD's nonrenewal of Hart's contract as void because LRSD did not substantially comply with the TFDA and LRSD's applicable personnel policies pursuant to Arkansas Code Annotated section 6-17-2407. As this court has previously stated, LRSD did not fail to comply with the TFDA or LRSD's reduction-in-force policy. Therefore, the circuit court clearly erred on this point.

Accordingly, we reverse and remand on this claim for further determination as to whether LRSD had "just and reasonable" cause to not renew Hart's contract. *See Mattox v. Mountain Home Sch. Dist.*, 2024 Ark. App. 303, at 15–16, 689 S.W.3d 453, 462 (reversing and remanding upon finding that the circuit court erred in its initial determination).

8

V. *Conclusion*

We reverse and dismiss the claim that LRSD's 5 percent threshold conflicted with the TFDA. We further reverse and dismiss the claim that LRSD failed to abide by its reduction-in-force policy. Finally, we reverse and remand on the final claim and direct the circuit court to determine whether Hart's nonrenewal was for just and good cause.

Reversed and dismissed in part; reversed and remanded in part.

VIRDEN and TUCKER, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Christopher Heller*, for appellant.

*Mitchell, Blackstock, Wright & Alagood, PLLC*, by: *Michael Muskheli*, for appellee.