Cite as 2025 Ark. App. 584

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-24-688

| | |
|---|---|
| JOYCE ASBERRY<br><br>APPELLANT<br><br>V.<br><br>LITTLE ROCK SCHOOL DISTRICT<br>APPELLEE | Opinion Delivered December 3, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION<br>[NO. 60CV-23-5565]<br><br>HONORABLE PATRICIA JAMES, JUDGE<br><br>AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Joyce Asberry appeals from a Pulaski County Circuit Court order granting the motion for summary judgment filed by appellee Little Rock School District (LRSD). On appeal, Asberry raises three arguments: (1) LRSD's 5 percent threshold for triggering reduction-in-force procedures is invalid and unenforceable; (2) LRSD violated the Teacher Fair Dismissal Act (TFDA)[1] by failing to follow its own reduction-in-force policy; and (3) LRSD violated the TFDA by nonrenewing Asberry's contract for an invalid reason. We affirm.

---

[1]The parties' arguments concern the TFDA, codified at Ark. Code Ann. §§ 6-17-1501 to -1510 (Repl. 2021). Although the TFDA has since been replaced by the LEARNS Act, it was in effect at all times relevant to this case.

I. *Facts and Procedural History*

Pursuant to an employment contract, Asberry was employed as a teacher at McClellan High School in the LRSD during the 2019–2020 school year.[2] During that time, LRSD was under the control of the Arkansas Department of Education because the LRSD School Board had been stripped of its powers by the Arkansas State Board of Education. The secretary of the Arkansas Department of Education, Johnny Key, was acting in the place of LRSD's School Board. Secretary Key established a Community Advisory Board to hold hearings and make recommendations to him on any teacher contracts that would be nonrenewed.

On December 12, 2019, the Arkansas State Board of Education voted to reorganize Hall High School and vacate all the positions at that school. Around the same time, LRSD was moving ahead with its plan to close McClellan and J.A. Fair High Schools and to open a new Southwest High School.

On January 8, 2020, LRSD adopted a "Reorganization Resolution" that stated, "[I]n order to comply with the recent directive of the Arkansas State Board of Education regarding the reorganization of Hall High School" and "to treat all employees at the impacted schools in the same way," all positions at McClellan and J.A. Fair High Schools, in addition to those vacated by the Arkansas State Board of Education at Hall High School, would be "declared vacant." The Reorganization Resolution noted that employees whose positions were vacated

---

[2]Asberry had worked as a licensed teacher for the LRSD since 1985.

would have the opportunity to apply for open positions at Hall High School and the new Southwest High School. The Reorganization Resolution also alerted employees that "LRSD expects to employ fewer teachers, building administrators and support staff in the 2020–2021 school year," so "teachers, building administrators and support staff who do not secure an open position could receive a recommendation for nonrenewal."

Asberry applied for numerous open positions but failed to secure a position within the district. On April 29, 2020, LRSD Superintendent Mike Poore recommended that Asberry's contract not be renewed for the 2020–2021 school year. Poore sent a letter to Asberry stating the reason for his recommendation:

> Your school will be closed at the end of the 2019–2020 school year. You were previously encouraged to apply for one of many open positions which existed within the LRSD and notified that your failure to secure a position could result in your non-renewal.

Asberry was informed that she was entitled to a hearing before Secretary Key regarding Superintendent Poore's recommendation.

On June 10, 2020, the LRSD conducted a board hearing where Asberry was represented by counsel and had the opportunity to present evidence and cross-examine witnesses. Following the hearing, the LRSD Community Advisory Board voted unanimously to accept Superintendent Poore's recommendation that Asberry's contract be nonrenewed. Secretary Key, acting as commissioner of the State Board of Education, supported the Community Advisory Board's decision, and Asberry's contract was nonrenewed effective June 18, 2020.

On August 2, 2023, Asberry filed a complaint against LRSD in the Pulaski County Circuit Court alleging that her nonrenewal violated the TFDA. Asberry cited Ark. Code Ann. § 6-17-1503(c) (Supp. 2021), which provides, "A nonrenewal, termination, suspension, or other disciplinary action by a school district shall be void unless the school district substantially complies with all provisions of this subchapter and the school district's applicable personnel policies." Asberry contended that LRSD's reduction-in-force policy—which applies only when there has been a reduction of 5 percent or more in certified personnel to be employed for the successive year—failed to comply with Ark. Code Ann. § 6-17-2407 (Repl. 2021),[3] which provides:

(a) It is the public policy of the State of Arkansas that each school district shall have a written policy on reduction in force based upon objective criteria for a layoff and recall of employees.

(b) A "layoff" is an unavoidable reduction in the workforce beyond normal attrition.

Asberry argued further that LRSD failed to follow its own reduction-in-force policy. Finally, Asberry alleged that LRSD violated the TFDA by nonrenewing Asberry's contract for an invalid reason. On the basis of these claims, Asberry alleged that the nonrenewal of her employment contract was in violation of the TFDA and that she should be awarded damages to include back pay and future lost earnings.

---

[3]Because the TFDA requires a school district to abide by the school district's "applicable personnel policies," Ark. Code Ann. § 6-17-1503(c), a violation of section 6-17-2407 violates the TFDA even though that section is not technically part of the TFDA. *See Little Rock Sch. Dist. v. Hart*, 2025 Ark. App. 529, ___ S.W.3d ___.

On October 16, 2023, LRSD filed a motion for summary judgment. In its motion, LRSD alleged that its reduction-in-force policy was in compliance with Ark. Code Ann. § 6-17-2407 and that its policy was not triggered because there was less than a 5 percent reduction in teacher workforce between the 2019–2020 and 2020–2021 school years. LRSD's reduction-in-force policy provides, in pertinent part:

> A reduction-in-force shall mean a reduction of 5% or more in the number of certified personnel to be employed for the successive year when compared to the number employed at the end of the first semester in any current year.
>
> . . . .
>
> A reduction-in-force shall be accomplished through attrition as far as possible. If the entire reduction cannot be accomplished through attrition, the RIF Rubric shall be utilized[:]
>
>> (a) A hiring freeze will be instituted immediately.
>>
>> (b) LRSD shall develop lists of positions identified for Reduction-in-Force, as well as positions that will be available for certified employees in that category.
>>
>> (c) LRSD shall develop lists by rubric score of current certified employees within each category of certified employees that will be affected by the Reduction-in-Force.
>>
>> (d) Affected certified employees will be offered/placed in available positions based on their rubric scores. Certified employees with the highest rubric scores will be placed first. In the event of a tie, the certified employee with the earliest date of hire will be placed first.

In support of its motion, LRSD attached the affidavit of Robert Robinson, LRSD human resources director. Robinson stated that LRSD's normal rate of attrition is between 100 and 150 teachers a year. He stated that LRSD never projected a reduction even as high as 94 teachers between the 2019–2020 and 2020–2021 school years, which would have been

5

approximately 5 percent of the workforce. Robinson stated further that the actual reduction of teacher workforce between 2019–2020 and 2020–2021 was 30 teachers (from 1853 to 1823), or a reduction of just 1.6 percent, so LRSD's reduction-in-force policy was not triggered. Robinson stated that the need for reduction of LRSD's workforce between 2019–2020 and 2020–2021 was never projected to exceed, and in fact did not exceed, even the low-end range of LRSD's normal attrition rate; therefore, there was no "layoff" as that term is defined in Ark. Code Ann. § 6-17-2407(b).

On October 31, 2023, Asberry filed a response to LRSD's motion for summary judgment and a countermotion for summary judgment, arguing that Asberry was entitled to judgment as a matter of law against LRSD for its violation of the TFDA. On May 23, 2024, the circuit court held a hearing on the parties' motions for summary judgment.

On July 8, 2024, the circuit court entered an order granting LRSD's summary-judgment motion. The circuit court found that LRSD's reduction-in-force policy complies with the requirements of Ark. Code Ann. § 6-17-2407 and that LRSD acted in accordance with that statute and its own policy. Asberry timely appealed.

II. *Standard of Review*

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Baker v. Dir.*, 2017 Ark. App. 593, 534 S.W.3d 742. Ordinarily, upon reviewing a circuit court's decision on a summary-judgment motion, this court would examine the record to determine whether genuine issues of material fact exist. *Id.* However, when the parties agree on the

6

facts, this court simply determines whether the party was entitled to judgment as a matter of law. *Id.* When parties file cross-motions for summary judgment, as was done in this case, they essentially agree there are no material facts remaining, and summary judgment is an appropriate means of resolving the case. *Id.* As to issues of law presented, this court's standard of review is de novo. *Id.*

This court's rules regarding statutory construction are clear and well established. We review issues of statutory construction de novo because it is for this court to decide what a statute means. *Burkett v. Exxon Tiger Mart, Inc.*, 2009 Ark. App. 93, 304 S.W.3d 2. However, this court will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Cockrell v. Union Planters Bank*, 359 Ark. 8, 194 S.W.3d 178 (2004). The primary rule of statutory construction is to give effect to the intent of the legislature. *Rodgers v. Ark. Parole Bd.*, 2024 Ark. 176, 700 S.W.3d 876. We first construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Worsham v. Bassett*, 2016 Ark. 146, 489 S.W.3d 162. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Pillow v. Dir.*, 2024 Ark. App. 76, 684 S.W.3d 302.

III. *Asberry's Arguments on Appeal*

On appeal, Asberry raises three arguments: (1) LRSD's 5 percent threshold for triggering reduction-in-force procedures is invalid and unenforceable; (2) LRSD violated the TFDA by failing to follow its own reduction-in-force policy; and (3) LRSD violated the TFDA

7

by nonrenewing Asberry's contract for an invalid reason. We will discuss each argument in turn.

### A. LRSD's 5 Percent Threshold for Triggering Reduction-in-Force Procedures is Invalid and Unenforceable

For her first point on appeal, Asberry argues that LRSD's 5 percent threshold for triggering reduction-in-force procedures is arbitrary, unenforceable, and in direct conflict with Ark. Code Ann. § 6-17-2407. We disagree. As to LRSD's reduction-in-force policy, we faced a nearly identical issue in *Overton v. Little Rock School District*, 2025 Ark. App. 123, 708 S.W.3d 813. In *Overton*, an assistant principal with Hall High School during the 2019–2020 school year failed to obtain an open position within the district during the same Reorganization Resolution. Like Asberry, Overton argued that LRSD's reduction-in-force policy was contradictory to the TFDA and requested that her nonrenewal be found void. In *Overton*, we rejected that argument, noting that a school has broad authority to determine its policies, *see Bentonville Sch. Dist. v. Sitton*, 2022 Ark. 80, 643 S.W.3d 763, and noting further that the statute does not prohibit the use of a threshold number to trigger reduction-in-force procedures. We reach the same result here.

Here, the record demonstrates that LRSD has a written reduction-in-force policy that states,

> The School Board acknowledges its authority to conduct a reduction in force when a decrease in enrollment or other reason(s) make such a reduction necessary or desirable. A reduction in force will be conducted when the need for a reduction in the work force exceeds the normal rate of attrition for that portion of the staff that is in excess of the needs of the district as determined by the superintendent.

8

The policy defines reduction in force as "a reduction of 5% or more in the number of certified personnel to be employed for the successive year when compared to the number employed at the end of the first semester in any current year."

Ark. Code Ann. § 6-17-2407 provides:

> (a) It is the public policy of the State of Arkansas that each school district shall have a written policy on reduction in force based upon objective criteria for a layoff and recall of employees.

> (b) A "layoff" is an unavoidable reduction in the workforce beyond normal attrition.

This statute is plain and unambiguous. In Robinson's affidavit, he stated that LRSD's normal attrition rate is between 100 and 150 teachers, which would equate to between 5.4 percent and 8.1 percent of the 1853 teachers employed during the 2019–2020 school year. Therefore, as argued by LRSD both below and on appeal, the 5 percent threshold adopted in LRSD's reduction-in-force policy would actually trigger the policy more readily than the law requires. And contrary to Asberry's argument, the reduction-in-force policy is not arbitrary because the 5 percent threshold sets forth a bright line under which the policy must be applied; it leaves no room for arbitrary decision making. Therefore, under the clear and unambiguous language contained in the statute, we conclude that the circuit court did not err in finding that LRSD complied with the requirements of Ark. Code Ann. § 6-17-2407.

B. LRSD Violated the TFDA by Failing to Follow its Own Reduction-in-Force Policy

Asberry next argues that LRSD violated the TFDA by failing to follow its own reduction-in-force policy. She contends that because the 5 percent threshold in LRSD's

9

reduction-in-force policy is void and unenforceable, LRSD should have followed the remaining dictates of the policy, which required LRSD to institute a hiring freeze and develop lists by rubric score of current certified employees.

We do not agree with Asberry's argument. As we explained in our discussion of the previous point on appeal, the 5 percent threshold in LRSD's reduction-in-force policy is not void or unenforceable but instead complies with the requirements of the relevant statute. Moreover, it is clear that LRSD adhered to its policy as written because between the 2019–2020 and 2020–2021 school years, the number of teachers was reduced by only 30, which amounted to a 1.6 percent reduction. As such, LRSD's 5 percent threshold was not triggered, thus the implementation of the measures outlined in the policy was not required. Because LRSD did not fail to follow its policy as alleged by Asberry, there was no violation of the TFDA in this regard.

C. LRSD Violated the TFDA by Nonrenewing Asberry's Contract for an Invalid Reason

Finally, Asberry argues that LRSD violated the TFDA by nonrenewing her contract for an invalid reason. Asberry cites Ark. Code Ann. § 6-17-1510(b)(1) (Repl. 2021), which provides:

> Any licensed teacher who has been employed continuously by the school district three (3) or more years . . . may be terminated or the board of directors may refuse to renew the contract of the teacher only when there is a reduction in force created by districtwide reduction in licensed personnel, for incompetent performance, conduct which materially interferes with the continued performance of the teacher's duties, repeated or material neglect of duty, or other just and reasonable cause.

Asberry states that LRSD continues to maintain that there was no reduction in force and argues that none of the other bases enumerated above were applicable to her nonrenewal; thus, her nonrenewal was unlawful.

Although Asberry argues here that LRSD violated the TFDA by nonrenewing her contract for an invalid reason, the circuit court did not specifically rule on this point. Our courts have repeatedly held that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. *See, e.g.*, *Doe v. Baum*, 348 Ark. 259, 72 S.W.3d 476 (2002); *E-Z Cash Advance, Inc. v. Harris*, 347 Ark. 132, 60 S.W.3d 436 (2001); *Barker v. Clark*, 343 Ark. 8, 33 S.W.3d 476 (2000); *Overton*, *supra*. We will not presume a ruling from the circuit court's silence. *TEMCO Constr., LLC v. Gann*, 2013 Ark. 202, 427 S.W.3d 651. Therefore, we are precluded from reviewing this issue.

IV. *Conclusion*

For the reasons explained herein, we hold that none of Asberry's arguments provide any ground for relief on appeal. Accordingly, we affirm the circuit court's order granting summary judgment to LRSD.

Affirmed.

KLAPPENBACH, C.J., and BARRETT, J., agree.

*Mitchell, Blackstock, Wright & Alagood, PLLC*, by: *Michael Muskheli*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Christopher Heller*, for appellee.